Meyers, Appellant, *v.* Pennsylvania Public Utility Commission et al.

432

Argued March 23, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Frederick A. Meyers,* appellant, in propria persona.

*Lloyd S. Benjamin,* with him *Charles E. Thomas,* for Pennsylvania Public Utility Commission, appellee.

*Allen Hunter White,* with him *Hamilton C. Connor, Jr., Frederic L. Ballard* and *Ballard, Spahr, Andrews & Ingersoll,* for Philadelphia Transportation Company, intervening appellee.

PER CURIAM, April 12, 1949:

These appeals are from orders of the Pennsylvania Public Utility Commission dismissing complaints filed by Frederick A. Meyers against the Philadelphia Transportation Company, intervening appellee. On June 15, 1948, appellant filed a complaint at Complaint Docket

No. 14,395, in which he averred that the Philadelphia Transportation Company had mismanaged its financial affairs when it granted a wage increase to its employes in February, 1948, and in which he asked that the Commission annul the said increase in wages and replace the executive officers and certain members of the board of directors.

The Commission dismissed the complaint on the ground that it was not within the Commission's power to annul said wage increase or to dismiss from the company those allegedly responsible for it.

The complaint set forth no facts on which the Commission could take jurisdiction, and it was properly dismissed. See Public Utility Law of May 28, 1937, P. L. 1053, 66 PS § 1391; *Philadelphia v. Pennsylvania Public Utility Commission,* 164 Pa. Superior Ct. 96, 63 A. 2d 391. The Commission is not the financial manager of the utility, and it is not a super board of directors for a public utility; its sole power is to see that in the matter of rates, service, and facilities the treatment of the public by public utility companies is fair. *Northern Pennsylvania Power Co. v. Pennsylvania Public Utility Commission,* 333 Pa. 265, 267, 268, 5 A. 2d 133; *Bell Telephone Co. v. Driscoll,* 343 Pa. 109, 118, 21 A. 2d 912.

It appears from appellant's brief and argument that his objective is to obtain an advisory opinion from this Court which would indicate the desirability for legislative consideration of an amendment to the public utility law. Merely advisory opinions are not within the province of this Court. *Pittsburgh's Consolidated City Charter,* 297 Pa. 502, 147 A. 525.

On June 16, 1948, appellant filed a complaint at Complaint Docket No. 14,397, wherein he referred to a decree of the United States District Court for the Eastern District of Pennsylvania relating to the issuance of reparation slips by the Philadelphia Transportation Company in connection with its increased

fares which became effective March 21, 1948 (see *Philadelphia v. Pennsylvania Public Utility Commission,* supra, p. 99), and in which appellant objected to the manner in which the reparation slips had been issued. Appellant did not allege that he had any interest in the subject matter, or that he was in any way an aggrieved party. He merely requested an investigation of the method of distribution of the reparation slips to the public. The decree relative to the issuance of reparation slips was a consent decree entered into by the City of Philadelphia and the Philadelphia Transportation Company. It does not appear that the Commission was a party to the stipulation, or that any duties or obligations were placed upon it by the District Court. See *Philadelphia v. Pennsylvania Public Utility Commission,* supra, p. 100.

For these reasons the Commission dismissed the complaint.

The Commission issued its final order on the complaint of the City of Philadelphia against the new tariffs at Complaint Docket No. 14,336 on June 16, 1948. The Commission's order dismissing that complaint was affirmed by this Court on January 14, 1949. *Philadelphia v. Pennsylvania Public Utility Commission,* supra. Therefore, the matter which appellant seeks to raise in connection with reparation slips is moot, and it is not the province of courts to give opinions on moot questions. *O'Donnell v. Pennsylvania Liquor Control Board,* 158 Pa. Superior Ct. 533, 536, 45 A. 2d 369; *Faust v. Cairns,* 242 Pa. 15, 16, 88 A. 786.

Appeals are dismissed, at the cost of appellant.