## Perloff Brothers, Inc., Appellant, *v.* Cardonick.

138

Argued November 16, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Abraham L. Shapiro,* with him *Norman C. Henss,* and *Cohen, Shapiro and Cohen,* for appellants.

*Bernard Edelson,* for Leon Cardonick, appellee.

OPINION BY MR. JUSTICE COHEN, January 2, 1962:

This is an appeal from the decree of the court below sitting in equity refusing to grant a preliminary injunction. Plaintiff-appellants, wholesale food distributors, seek to obtain an accounting from, and to impose a trust ex malificio on, the individual defendant-appellee, Cardonick, manager of appellants' store, who allegedly embezzled company funds. The complaint also seeks to enjoin the First Pennsylvania Banking and Trust Company, defendant-appellee, from releasing or transferring funds held by it in Cardonick's name.

In determining this matter, we do not make a searching inquiry into the facts, and we particularly refrain from making an evaluation of the merits or the facts so not to influence the chancellor in the hearing for a final decree.

In *Herman v. Dixon*, 393 Pa. 33, 36, 141 A. 2d 576 (1958), we dissolved a preliminary injunction saying: "Since a preliminary injunction is somewhat like a judgment and execution before trial, it will only issue where there is an urgent necessity to avoid injury which cannot be compensated for by damages and should never be awarded except when the rights of the plaintiff are clear. Also, it should in no event ever be issued unless greater injury will be done by refusing it than in granting it." Here, the enumerated standards have been met.

A cursory examination of the record suggests that Cardonick accumulated an increase in personal net worth far in excess of that which he could have saved from his admitted sources of income. This, combined with the fact that plaintiff-appellants' inventory reflected an unaccounted for loss during the same period, and that Cardonick, who was in charge of the whole operation and the only one who handled the firm's cash, carried on some highly questionable financial activities, leads to the conclusion that plaintiff-appellants' rights are clear.

A large part of the money presently in Cardonick's control is in a bank account in his own name in the First Pennsylvania Banking and Trust Company, while another sizable sum is currently in Cardonick's personal possession. It is evident that, unless the preliminary injunction is granted, Cardonick could easily transfer out of his possession all of the funds presently in his control. Hence, there is an urgent necessity to avoid injury to the plaintiff-appellants. The record does not disclose any immediate requirement by the de-

fendant-appellee for these funds.  On the contrary, defendant-appellee has in his control substantial sums sufficient to take care of his personal requirements which will not be affected by our action.  Thus, our view is fully supported—that the greater injury would be done by refusing the grant of the preliminary injunction than by granting it.

Accordingly, the chancellor erred in denying the motion and refusing the preliminary injunction.  The record is remanded to the court below for action in accordance with this opinion.

Decree reversed.  Costs to abide the event.