443 A.2d 333

**Elaine P. DENNY, Appellant,**

**v.**

**Marjorie M. CAVALIERI, a/k/a Marjorie Maree McCall, a/k/a Marjorie M. Rudolf and William Cavalieri.**

Superior Court of Pennsylvania.

Argued May 6, 1981.

Filed March 19, 1982.

Petition for Allowance of Appeal
Denied Sept. 17, 1982.

Donald Strumpf, Bryn Mawr, for appellant.

Marjorie and William Cavalieri, in pro. per.

Before SPAETH, CAVANAUGH and LIPEZ, JJ.

CAVANAUGH, Judge:

In January, 1978, the appellant, Elaine P. Denny, filed a complaint in equity against the appellees, Marjorie M. Cavalieri and William Cavalieri. The complaint described in detail the lengthy relationship between the appellant and appellees which began in 1968 and continued until the filing of the complaint some ten years later. At the time the parties became friends the appellant was a widow approximately twenty-six years of age. The complaint alleges that beginning in 1973 the appellant became very dependent in financial matters upon the defendants, Mr. and Mrs. Cavalieri. The appellant remarried on February 10, 1973 and the wedding reception was held at the appellees' house. By this time it is alleged the appellant considered Mrs. Cavalieri her closest personal friend and an indispensable companion. In April of 1973 the appellant and Mrs. Cavalieri went away together to Miami on vacation and during this vacation Mrs. Cavalieri questioned the appellant as to her financial situation. The appellant believed that she had a close confidential relationship with Mrs. Cavalieri and disclosed her finances in full to her. Appellant told Mrs. Cavalieri that she was financially naive and that since the time her late husband, Wayne Denny, passed away that she placed all of her financial matters in the control of a financial advisor, Earl Killian, who had been a friend and partner of her deceased husband.

The appellant disclosed to Mrs. Cavalieri that among her assets was an obligation in the amount of $285,000 owed by the Bishop Nursing Home, Inc. to the appellant. In the spring of 1973 it is alleged that Mrs. Cavalieri told the appellant that Mr. Cavalieri was a financial advisor for wealthy people and that it would be a good idea if he invested appellant's money for her. Mrs. Cavalieri also insisted that the appellant not tell her financial advisor, Earl Killian, of this suggestion. Thereafter on almost a weekly

basis Mrs. Cavalieri suggested to the appellant that her husband become appellant's financial advisor. It was alleged that in March of 1974 Mrs. Cavalieri became insistent that the appellant invest her money with Mr. Cavalieri. On May 15, 1974, Mrs. Cavalieri came to the appellant's home and had the appellant write a $10,000 check payable to Mrs. Cavalieri. She then told the appellant that Mr. Cavalieri would be the appellant's investment advisor from then on and that she should not tell Mr. Killian of the $10,000 investment.

The complaint further alleges that in September, 1974, the appellant and her husband separated and the appellant became even more dependent on Mrs. Cavalieri for comfort and advice. Mrs. Cavalieri continued to insist almost daily that the appellant accelerate the obligation which was owed to her by the Bishop Nursing Homes, Inc. In September of 1974 the appellant had the obligation accelerated to the extent of $85,000 and on September 11, 1974 it is alleged that Mrs. Cavalieri came to the plaintiff's house and had her write a $50,000 check payable to William Cavalieri. Again, Mrs. Cavalieri stressed to the plaintiff that the plaintiff would benefit and that she should not discuss with Earl Killian the $50,000 payment to the defendants. It is alleged that from May 14, 1974, through September 16, 1976, the appellant gave a total of $135,000 to the appellees and that only about $17,000 was repaid to the appellant. It is further alleged that the "plaintiff believes that the moneys given by her to defendants had been used in part or in whole for the personal benefit of defendants and each of them". The complaint further alleges:

138. Plaintiff believes that the moneys given by her to defendants have been used in whole or in part for purchase of items of personal consumption for defendants and each of them and for the improvement of defendants' residence.

139. Plaintiff believes that the moneys given by her to defendants have been used in whole or in part to increase wife-defendant's equity in defendants' residence.

140. The representations and actions of defendants and each of them as set forth in this Complaint with respect to plaintiff and to the use of plaintiff's money constitute a fraud.

The prayer of the complaint requested that the appellees, defendants in the court below, be declared trustees ex maleficio under a constructive trust for the benefit of the appellant and that an accounting be directed. The prayer also requested that the appellees be directed to pay punitive damages in the amount of $300,000.

The appellees filed preliminary objections on the ground, inter alia, that the appellant had an adequate remedy at law and requested that the case be certified to the law side of the court. The court below sustained the preliminary objections and dismissed the complaint. It is from this order that an appeal has been taken.

In its opinion in support of the order the court below stated: "The primary reason for the order of the court dismissing the complaint was that the plaintiff has an adequate remedy at law... It is obvious from reading through the complaint that all the plaintiff seeks is a return of her money. That clearly gives rise to a suit in assumpsit and not an equity action."

We disagree with this analysis of the appellant's complaint. Appellant is seeking an accounting, a traditional remedy in equity, and is also requesting that the appellees be declared trustees ex maleficio under a constructive trust. A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. *Yohe v. Yohe*, 466 Pa. 405, 353 A.2d 417 (1976). "Such a trust may arise where there is a breach of confidential relationship by the transferee, or it may arise out of circumstances evidencing fraud, duress, undue influence or mistake." *Chambers v. Chambers*, 406 Pa. 50, 54, 176 A.2d 673, 675 (1962). There is no rigid standard for determining whether the facts of a particular

case require a court of equity to impose a constructive trust; the test is whether unjust enrichment can thereby be avoided. *Stauffer v. Stauffer*, 465 Pa. 558, 351 A.2d 236 (1976). *See also Scott v. Purcell*, 264 Pa.Super. 354, 399 A.2d 1088 (1979).

Pa.R.C.P. 1019(b) requires that fraud be averred with particularity. Nevertheless, the relation of the parties and the inference of fraud may arise from the attendant circumstances. *Keehn v. Granite Run, Inc.* (Del. County) 73 D. & C.2nd 307 (1976). Further, the pleading of a confidential relationship makes unnecessary the further specification of fraud. *Auman v. Auman*, 51 Northumberland Legal J. 36 (1978). A fraudulent intention at the time of a transaction can be inferred from the totality of the circumstances surrounding the transaction, including subsequent conduct on the part of the defendant. *Stauffer v. Stauffer, supra.* We believe that the appellant has alleged sufficient facts which if proven would sustain a cause of action in equity. The complaint alleges the existence of a fiduciary relationship and that the appellees defrauded the appellant and violated their position of confidence. If the facts as alleged are true the appellees would be unjustly enriched if permitted to retain the property which they have obtained under the circumstances set forth. Under the facts alleged the remedy at law is not adequate.[1]

Order reversed and case remanded to the court below to reinstate the complaint in equity.

1. Equity will not attach where there is an adequate remedy at law. *Herr Abstract Company v. Vance*, 284 Pa.Super. 111, 425 A.2d 444 (1980). Even if the remedy at law were adequate, however, the court below erred in *dismissing* the complaint. Pa.R.C.P. 1509(c) Provides:

(c) The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection. If the objection is sustained, the court shall certify the action to the law side of the court. If not so pleaded, the objection is waived.

If the objection of adequate remedy at law is raised by the defendant and sustained as valid, the court is given no option. The certification to the law side is mandatory. *Goodrich-Amram*, 2nd, Vol. 5 page 125. See also *Klemow v. Time, Incorporated*, 466 Pa. 189, 352 A.2d 12 (1976).