512 A.2d 10

Katherine BRASILE, Appellant,

v.

ESTATE OF Louis BRASILE, By and Through Ann E. BRASILE, Administrator, D.B.N.C.T.A. for Joseph L. Brasile, Executor, Appellee.

Superior Court of Pennsylvania.

Argued March 24, 1986.

Filed June 16, 1986.

Steven W. Alm, Greensburg, for appellant.

James E. Kelley, Jr., Latrobe, for appellee.

Before ROWLEY, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

In this action to partition real estate owned by a divorced husband and wife as tenants in common, the trial court granted partition of the "Blaney Drive" property but held that title to the "Thompson Street" property was not subject to partition because it was being held subject to a constructive trust. It is argued on appeal that the trial

court erred when it constructed a trust for and refused to partition the "Thompson Street" property. We disagree and affirm.

The scope of appellate review of a decree in equity is particularly limited and such a decree will not be disturbed unless it is unsupported by the evidence or demonstrably capricious.... The test is not whether we would have reached the same result on the evidence presented, but whether the judge's conclusion can be reasonably drawn from the evidence.... Where a reading of the record reasonably can be said to reflect the conclusions reached by the lower court sitting in equity, we cannot substitute our judgment for that of the lower court.

*Lombardo v. DeMarco*, 350 Pa.Super. 490, 495, 504 A.2d 1256, 1258 (1985) (citations omitted). See: *Lynch v. Hook*, 298 Pa.Super. 27, 444 A.2d 157 (1982).

Louis Brasile and Katherine Brasile had lived together after 1949 and were married on July 2, 1956. Both had children by prior marriages. Prior to 1949, Katherine owned a dwelling house on Summit Street, Derry Township, Westmoreland County. From the time the parties began living together in 1949 until they were divorced in 1978, they made the Summit Street property their home. In 1954, title was placed in the joint names of Louis and Katherine, but in 1958, title was reconveyed to Katherine. In 1971, title to the Summit Street property was conveyed to Katherine's children.

During their marriage the parties acquired title to the Thompson Street property, also in Derry Township. Louis had inherited an undivided one-fifth interest in this property upon the death of his mother in 1950. In 1953, Louis and Katherine purchased the remaining four-fifths interest from the other heirs. In 1958, however, title to this property was placed in the name of Louis alone, and the property was later conveyed to his sons. Subsequently, the sons experienced financial difficulties, and in order to prevent the loss of the property, title was reconveyed to Louis and Kath-

erine. Title was still in their names when Katherine commenced the present action of partition.[1]

The Blaney Drive property was purchased by the parties as tenants by the entireties in 1964. In 1971, title was placed in the names of Katherine and Louis' sons as joint tenants with right of survivorship. In 1972, however, title to the fee was placed in the names of Louis and Katherine, as tenants by the entireties, because of the financial problems being experienced by the sons.

The trial court found that the parties had agreed orally that the Summit Street property, which had been Katherine's home, was to become the property of her children and the Thompson Street property, which had belonged to Louis' mother, was to be conveyed to Louis' sons.[2] Because the agreement had been executed with respect to the Summit Street property and because Louis and Katherine were holding title to the Thompson Street property for Louis' sons, the court constructed a trust for the Thompson Street property. A constructive trust was necessary, the court said, to prevent Katherine from being unjustly enriched at the expense of Louis and his sons.

In 1972, it was Louis who requested that his sons reconvey the Thompson Street property to him. He did so because of his fear that his sons' financial difficulties and gambling activities would result in the loss of the property. He believed that his wife, who was younger than he, would survive him; and she, because the relationship in 1972 was a happy one, did not object to her husband's scheme to protect the Thompson Street property from his sons' creditors. Therefore, the sons were requested to reconvey the property to Louis and Katherine so that the survivor could determine when and how title was to be returned to the sons.

1. During the pendency of the partition action Louis died, and the administrator d.b.n.c.t.a. of his estate has been substituted as a party.

2. The trial court found no similar agreement regarding the Blaney Drive property and ordered that it be partitioned. The order partitioning this real estate has not been challenged on appeal.

Appellant denied that she had agreed to this arrangement. She admitted, however, that in 1971, when she and appellee had transferred the Summit Street property to her children and the Thompson Street property to her husband's children, their intention was that her children would receive her family homestead and her husband's children would receive his.

Katherine argues that a trust should not have been imposed because the trial court did not make a finding that she and Louis had promised to hold the real estate for Louis' sons or reconvey it to them. It is correct that the trial court's findings of fact did not contain a specific finding that Katherine had orally promised to reconvey the Thompson property to her husband's sons. This omission was corrected, however, in the court's opinion denying Katherine's motion for post-trial relief. There, the court made eminently clear its finding that Louis and Katherine held title after 1972, not because an interest in the real estate was vested in them, "but rather to avoid the clutches of the Defendant's sons' creditors and that the agreement of the parties, which apparently began in 1958 when the Thompson Street property was conveyed to Defendant alone and the Summit Street property was conveyed to Plaintiff alone, continued in effect."

In *Yohe v. Yohe*, 466 Pa. 405, 411, 353 A.2d 417, 420–[4]21 (1976), our Supreme Court stated: "The imposition of a constructive trust is an equitable remedy designed to prevent unjust enrichment. See *Restatement of Restitution* § 160 (1937); A.W. Scott, *Trusts* §§ 462, 462.1 (3d ed. 1967). A constructive trust arises '[w]here a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it. . . .' Restatement of Restitution § 160 (1937); . . . ." This theory of constructive trusts does not require an equity court to find an intention or agreement to create a trust; instead, a court may impose a constructive trust as a remedy to prevent the unjust enrichment of one party.

*Moreland v. Metrovich,* 249 Pa.Super. 88, 97, 375 A.2d 772, 776 (1977).

▮ The trial court concluded that the need to prevent unjust enrichment in this case was acute because of the agreement between the parties that the Summit Street property was to go to Katherine's children, while the Thompson Street property was to go to Louis' children. The existence of such an agreement was clear; even Katherine admitted that the agreement existed. Moreover, the agreement had already been consummated in part. Title to the Summit Street property had been conveyed to Katherine's children in 1971; in that same year, title to the Thompson Street property was conveyed to Louis' sons. The reconveyance in 1972 was merely an attempt to insure that the agreement would not be defeated by the profligacy of Louis' sons. It was intended to preserve the property in the face of a threatened loss to the sons' creditors. The deed of reconveyance was not intended to vest an unconditional title in Louis and Katherine. Under these circumstances, the trial court did not abuse its discretion or commit an error of law by concluding that a constructive trust was necessary to prevent unjust enrichment. See: *Chambers v. Chambers,* 406 Pa. 50, 176 A.2d 673 (1962) (unjust to permit defendant-wife to retain plaintiff-husband's beneficial and legal interest in property where evidence showed that husband had conveyed his interest to wife only to avoid loss of property to creditors and evidence showed that conveyance was not executed with any intent to divest husband of his beneficial interest). Compare: *Moreland v. Metrovich, supra* (court found no unjust enrichment where evidence showed that plaintiff-sister transferred property to sister and brother-in-law in attempt to save their tempestuous and foundering marriage and sister and brother-in-law had made no promises with regard to the property, nor had they taken unfair advantage of plaintiff).

Appellant also argues that the court should have created a life estate in the Thompson Street property, and Louis' children should have become entitled to the title in fee only

upon her death. This argument is made for the first time on appeal. It does not appear in the motion for post-trial relief which appellant filed in the trial court. Therefore, it has not been preserved for appellate determination. See: Pa.R.C.P. 227.1(b)(2). Her failure is not excused because Louis' death occurred after her post-trial motion had been filed.

■ Finally, appellant argues that a new trial should be granted because, after trial, it was discovered that she had been mentally ill at the time of trial. It is true, of course, that on August 4, 1982, less than one year after trial, appellant was adjudged incompetent by the Court of Common Pleas of Westmoreland County. The record discloses, however, that appellant and her present guardians knew that appellant was experiencing mental problems as much as nine months prior to trial. The evidence of mental illness, therefore, was not "new"; it was not discovered for the first time after trial. It is not the type of newly discovered evidence which entitles her to a new trial. *Lazarus v. Goodman,* 412 Pa. 442, 447, 195 A.2d 90, 92 (1963). See: *Ebner v. Ewiak,* 335 Pa.Super. 372, 380, 484 A.2d 180, 184–185 (1984). Moreover, the record does not suggest that appellant was either unable to understand the nature of the proceedings or cooperate in the prosecution of her claim.

The decree entered by the trial court directed that Katherine convey her one-half interest in the Thompson Street property to Louis. Although the record suggests that it was not Louis but his sons who were the beneficiaries of the constructive trust, this phase of the order has not been challenged on appeal. However, Louis is now dead, and Katherine has been adjudicated incompetent. Under these circumstances, it seems appropriate to remand for the entry of an amended final decree.

Remanded for the entry of a final decree consistent with the findings of the trial court and the foregoing opinion. Jurisdiction is not retained.