624 A.2d 1059

**Peter H.N. KADEL, Appellant**

v.

**Mary Ellen A. McMONIGLE and Charles Moles Associates, Inc.**

Superior Court of Pennsylvania.

Argued Oct. 28, 1992.

Filed March 26, 1993.

Reargument Denied June 8, 1993.

Joseph V. Restifo, Philadelphia, for appellant.

Jeffrey Matteo, Norristown, for McMonigle, appellee.

Mary C. Cunnane, Philadelphia, for Moles Associates, appellee.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

WIEAND, Judge:

In this action in equity to recover the consideration paid for the sale of real estate in Philadelphia and to construct a trust of real estate in New Jersey, the trial court sustained preliminary objections in the nature of a demurrer and dismissed the complaint. Although we disagree with the trial court's reasoning, we nevertheless affirm its judgment.

In reviewing an order sustaining preliminary objections in the nature of a demurrer, we are guided by the principles enunciated by the Supreme Court in *Sinn v. Burd*, 486 Pa. 146, 404 A.2d 672 (1979), as follows:

> It is axiomatic in the law of pleading that preliminary objections in the nature of a demurrer admit as true all well and clearly pleaded material, factual averments and all inferences fairly deducible therefrom. *Yania v. Bigan*, 397

Pa. 316, 155 A.2d 343 (1959); *Byers v. Ward,* 368 Pa. 416, 84 A.2d 307 (1951). Conclusions of law and unjustified inferences are not admitted by the pleading. *Lerman v. Rudolph,* 413 Pa. 555, 198 A.2d 532 (1964). Starting from this point of reference the complaint must be examined to determine whether it sets forth a cause of action which, if proved, would entitle the party to the relief sought. If such is the case, the demurrer may not be sustained. On the other hand, where the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained. Finally, where the propriety of an order sustaining a demurrer is being reviewed ... the fact that the theory for recovery relied upon has not been previously sanctioned, is not conclusive. It must be remembered that "[e]very cause of action ..., however, was once a novel claim, and the absence of Pennsylvania authority for appellant's proposition is not an end to the issue." *Papieves v. Kelly,* 437 Pa. 373, 376–77, 263 A.2d 118, 120 (1970).

*Id.* 486 Pa. at 149–150, 404 A.2d at 673–674.

The facts appearing from the complaint in this case are as follows: Prior to their marriage in August, 1981, Peter H.N. Kadel conveyed to Mary Ellen A. McMonigle premises known as 507 Leonard Street, Philadelphia, and 230 Woodbine–Petersburg Road, Petersburg, New Jersey. Following divorce in January, 1989, McMonigle listed the Philadelphia property for sale with Charles Moles Associates, Inc. (Moles), a real estate broker, and in due course the same was sold for the sum of nineteen thousand, five hundred ($19,500) dollars. Kadel then filed an action in equity to recover the consideration paid for the Philadelphia real estate and to construct a trust of the New Jersey real estate. In support thereof, he alleged an oral, pre-marital agreement that McMonigle would hold title to the real estate in trust and reconvey the properties upon request. He also named as a defendant the broker, Moles, whom Kadel contended had engaged in a conspiracy with McMonigle to deprive him of his real estate. Both defendants filed preliminary objections in the nature of a demurrer to the complaint, which the trial court granted.

■ "In the absence of fraud, accident or mistake, the nature and quantity of the real estate interest conveyed must be ascertained from the deed itself and cannot be shown by parol." *Wysinski v. Mazzotta*, 325 Pa.Super. 128, 132, 472 A.2d 680, 682–683 (1984). As a general rule, "parol evidence is inadmissible to show a contemporaneous oral agreement which, if made, would naturally and normally have been contained in the written agreement between the parties." *Gemini Equipment Co. v. Pennsy Supply, Inc.*, 407 Pa.Super. 404, 413, 595 A.2d 1211, 1215 (1991). "[P]arol evidence of a contemporaneous oral agreement is not admissible to alter, vary, add to, modify, or contradict a written instrument complete within itself unless the oral agreement was omitted through fraud, accident, or mistake." *Id.* Moreover, the Statute of Frauds, Act of April 22, 1856, P.L. 532, 33 P.S. § 2, generally bars the introduction of evidence of an oral agreement modifying a deed which on its face transfers land in fee simple.

However, our Supreme Court has adopted the Restatement of Trusts, 2nd, § 44 (1959), as an exception to the Statute of Frauds. See *Truver v. Kennedy, supra* [425 Pa. 294, 229 A.2d 468 (1967) ]; *Silver v. Silver*, 421 Pa. 533, 219 A.2d 659 (1966); *Metzger v. Metzger*, 338 Pa. 564, 14 A.2d 285 (1940). Section 44 provides, in pertinent part:

"(1) Where the owner of an interest in land transfers it inter vivos to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, as required by the Statute of Frauds, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the transferor, if

"(a) the transfer was procured by fraud, duress, undue influence or mistake, or

"(b) the transferee at the time of the transfer was in a confidential relation to the transferor, or

"(c) the transfer was made as security for an indebtedness of the transferor."

In order to impose a constructive trust pursuant to § 44, a chancellor must find "both a confidential relationship and reliance upon a promise to reconvey induced by that relationship...." *Silver v. Silver, supra,* 421 Pa. at 537, 219 A.2d at 661. See also *Foster v. Schmitt,* 429 Pa. 102, 239 A.2d 471 (1968); *Metzger v. Metzger, supra.*

*Moreland v. Metrovich,* 249 Pa.Super. 88, 94–95, 375 A.2d 772, 775 (1977). This was explained further by the Supreme Court in *Metzger v. Metzger,* 338 Pa. 564, 14 A.2d 285 (1940), as follows:

"Where the owner of land transfers it inter vivos to another in trust for the transferor, but no memorandum properly evidencing the intention to create a trust is signed, the transferee will be compelled to hold the land upon a constructive trust for the transferor, if the transferee at the time of the transfer was in a confidential relation to the transferor. *This is true even though at the time of the transfer the transferee intended to perform the oral trust, and even though he was not guilty of undue influence or other abuse of his confidential relation to the transferor in procuring the transfer. Such a confidential relation exists not only when there is a fiduciary relation such as exists between attorney and client, trustee and beneficiary, guardian and ward, and the like, but also where, because of family relationship or otherwise, the transferor is in fact accustomed to be guided by the judgment of the transferee or is justified in placing confidence in the belief that the transferee will act in the interest of the transferor."*

*Id.* at 570, 14 A.2d at 288, quoting the Restatement of Trusts, Section 44, Comment (c) (emphasis in opinion).

 "A transaction between persons so situated [as husband and wife] is watched with extreme jealousy and solicitude, and if there be found the slightest trace of undue influence or unfair advantage, redress will be given to the injured party." *Shapiro v. Shapiro,* 424 Pa. 120, 128, 224 A.2d 164, 169 (1966), quoting *Darlington's Appeal,* 86 Pa. 512, 518 (1878). Thus, "where a husband purchases real estate or personal property with his own funds and places it in his wife's

name or transfers such property to his wife without consideration, there is a factual presumption that a gift was intended and, in order to rebut that presumption and establish a resulting trust in his favor, the husband must support his claim by clear, explicit and unequivocal—though not necessarily uncontradicted—evidence." *Shapiro v. Shapiro, supra,* 424 Pa. at 129, 224 A.2d at 169; *Chambers v. Chambers,* 406 Pa. 50, 53, 176 A.2d 673, 675 (1962); *Lapayowker v. Lincoln College Preparatory School,* 386 Pa. 167, 171–172, 125 A.2d 451, 454 (1956); *Christy v. Christy,* 353 Pa. 476, 477, 46 A.2d 169, 170 (1946). Cf. *Semenza v. Alfano,* 443 Pa. 201, 279 A.2d 29 (1971).

■ Nevertheless, "[o]ral trusts in real property are not favorites of the law. They must be strictly proved.... Evidence to support a parol trust must be direct, positive, express, unambiguous and convincing." *In re Brenneman's Estate,* 360 Pa. 558, 563, 63 A.2d 59, 61 (1949), quoting *Moffitt v. Moffitt,* 340 Pa. 107, 109, 16 A.2d 418, 419 (1940).

■ Here, the averments of the complaint are that appellant conveyed both properties to appellee prior to their marriage, without any consideration and upon her promise to hold the same in trust for him and reconvey the same upon request. Such averments are sufficient to prevent the sustaining of preliminary objections in the nature of a demurrer. In such circumstances, an oral agreement creating a trust relationship involving real estate may be enforceable. See: *Nirmaier v. Hamilton,* 467 Pa. 355, 356 A.2d 788 (1976).[1]

Appellant's claims, however, should have been asserted in the divorce action. By the provisions of the Divorce Code, he is now collaterally estopped from preventing his former wife from dealing with the property as her own. Thus, at 23 Pa.C.S. § 3503, the legislature has provided as follows:

1. Because the courts in Pennsylvania have jurisdiction over appellee's person, it can act even though one of the tracts of real estate is situated in New Jersey. See: 1 Std.Pa.Prac.2d §§ 2:66, 2:67.

### § 3503. Effect of divorce on property rights generally

Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, all property rights which are dependent upon the marital relation, except those which are vested rights, are terminated unless the court expressly provides otherwise in its decree. All duties, rights and claims accruing to either of the parties at any time theretofore in pursuance of the marriage shall cease, and the parties shall severally be at liberty to marry again as if they had never been married.

Again, at 23 Pa.C.S. § 3504, the legislature provided:

### § 3504. Disposition of property after termination of marriage

Unless provided otherwise by the court, whenever a decree of divorce or annulment is entered by a court of competent jurisdiction, both parties whose marriage is terminated or affected shall have complete freedom of disposition as to their separate real and personal property and may mortgage, sell, grant, convey or otherwise encumber or dispose of their separate property, whether the property was acquired before, during or after coverture, and neither need join in, consent to or acknowledge a deed, mortgage or instrument of the other.

 Appellant argues that his claim is not dependent upon the marital relationship but upon appellee's agreement to hold the real estate in trust for him. Such an argument is specious. Although the argument, at first blush, appears to contain merit, closer examination discloses that appellant's claim is so interwoven with the marital relationship that it must be deemed a part of and dependent upon the marital relationship. If, as appellant now contends, the conveyance of the real estate was not intended to be a gift thereof to McMonigle, it would be unrealistic not to require that ownership of the property be determined in the divorce action. The Divorce Law was intended to provide a full and complete forum for the determination of property rights between the spouses. This intent would be defeated if either spouse could withhold property from the court in the divorce action in order to obtain a separate determination in a later action. Where,

as here, a final decree in divorce has been entered, we hold that, in the absence of fraud, the decree constitutes a final determination of the rights between the parties. Thereafter, either party may "mortgage, sell, grant, convey or otherwise encumber or dispose of [property titled in his or her own name]." 23 Pa.C.S. § 3504. The other party is thereafter estopped from attacking the title to such property in collateral proceedings.

Because there is no averment that the real estate and the claims with respect thereto were omitted from the divorce action by fraud, it follows that appellant cannot now maintain a separate action to impose a trust on real estate vested in the name of his wife following divorce. It follows also that Moles, the real estate broker, can have no liability to appellant for accepting a listing of the real estate by the appellee-wife.

In order to state a cause of action for civil conspiracy, Kadel was required to allege "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Smith v. Wagner*, 403 Pa.Super. 316, 322–323, 588 A.2d 1308, 1311–1312 (1991); *Burnside v. Abbott Laboratories*, 351 Pa.Super. 264, 277–278, 505 A.2d 973, 980 (1985); *Gordon v. Lancaster Osteopathic Hospital Ass'n*, 340 Pa.Super. 253, 267, 489 A.2d 1364, 1372 (1985). Because the appellee-wife was free to sell and convey her own real estate, the broker cannot be liable on a theory of civil conspiracy for aiding her in doing so.

Affirmed.