643 A.2d 1079

Marilyn Kristofic ROBBINS in her own right and Marilyn Kristofic Robbins as parent and Natural Guardian of Kevin Kristofic, a minor and Brian Kristofic, a minor

v.

John D. KRISTOFIC and L. Stephen Kline.

**Appeal of John D. KRISTOFIC.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1993.

Filed April 5, 1994.

Reargument Denied June 17, 1994.

394

JoAnne Ross Wilder, Pittsburgh, for appellant.

Arthur Bloom, Pittsburgh, for appellee.

Before DEL SOLE, TAMILIA and HESTER, JJ.

HESTER, Judge.

Dr. John D. Kristofic appeals from the April 20, 1993 order entered by the Allegheny County Court of Common Pleas which granted a preliminary injunction and imposed a constructive trust in favor of Marilyn Kristofic Robbins in her capacity as guardian of her children, Kevin and Brian Kristofic, appellee [1], and against appellant and L. Stephen Kline [2] in this equity action. Marilyn and appellant previously were involved in a bitterly contested divorce. While they were married, they established a ten-year irrevocable Clifford trust (hereinafter the "trust") to help pay for the education of their two minor children. The trust automatically was to expire by its own terms ten years and ninety days after its creation, or on April 1, 1993, and the funds were to revert to appellant in his own name. On March 23, 1993, appellee instituted this equity action in both her own name and as guardian for the children.[3] On March 30, 1993, appellant transferred the trust funds to an account in his own name. The trial court then issued a preliminary injunction preventing appellant from using the funds and imposing a constructive trust. We affirm.

The record viewed in the light most favorable to appellee as the prevailing party in the equity action reveals the following facts. Two children were born during the marriage between Marilyn and appellant: Kevin Kristofic, born September 30, 1975, and Brian Kristofic, born March 3, 1977 (hereinafter the "children"). A divorce decree was entered on June 11, 1991. The trust created by Marilyn and appellant, with a current value of approximately $120,000, was excluded from the decree of equitable distribution. Without dispute, they excluded the trust from equitable distribution since they both regarded the trust as being exclusively for the benefit and use of the

1. The caption incorrectly indicates that appellee is a party to this action in her individual capacity.

2. L. Stephen Kline, an accountant, was the sole remaining trustee after John D. Houston II, Esquire, resigned and was dismissed as a defendant by the consent of both parties.

3. While appellee originally was a plaintiff individually, the only relief she sought was as a guardian for her minor children. Hence, she abandoned any claim for relief in her own right at trial.

children rather than as marital property. Moreover, during the divorce proceedings, appellant repeatedly affirmed his intent that the funds would be used solely and without restriction to finance the childrens' higher education. In fact, appellant listed the trust in his inventory in the divorce as "1983 Trust Account funds held in trust for the parties' children." No appeal was filed by either party from the decree or from the equitable distribution.

Subsequently, appellee learned that appellant intended to impose conditions and use his sole discretion in distributing the trust funds once the trust expired and the funds reverted to him. Appellee regarded imposition of such conditions as negating appellant's prior affirmations. Appellee thereupon requested the court to appoint an independent trustee to replace the current trustee, who was aligned closely with appellant. The divorce court, however, determined that this was an orphans' court matter and denied this request. Subsequently, on March 16, 1992, appellee sought relief in orphans' court where a conference was held, and the court determined that it lacked authority to appoint a trustee beyond April 1, 1993.

On March 23, 1993, appellee therefore instituted the present equity action in which she alleged that appellee, due to his prior affirmation that the trust belonged to the children, was estopped from altering that arrangement. Appellee suggested that appellant's acknowledged intent to impose his own restrictions on distributing the trust funds effectively would allow him to control and virtually own the funds for all practical purposes. In an attempt to prevent appellant's acquisition of these funds, appellee filed a motion for a preliminary injunction on March 30, 1993. On that same day, appellant transferred the funds out of the name of the trustee and into his own name at a different institution. On April 20, 1993, after conducting a hearing, the court determined that reversion of the funds to appellant alone, in view of his retraction of his prior unconditional affirmation that these funds belonged to the children, was improper. It issued the

following order in which it granted a preliminary injunction *and* imposed a constructive trust, in pertinent part, stating:

AND NOW, this 20th day of April, 1993, after hearing on April 16, 1993, it is hereby ORDERED that a preliminary injunction issue requiring that Vanguard of Pennsylvania, tax-free # 77, V–Group Fund, Account No. 9867773241, in the name of John D. Kristofic, be imposed with a constructive trust in favor of Plaintiff and may not be withdrawn without further order of court.

Appellant first argues that appellee's failure to raise any issue about reversion of the trust funds in the divorce waived her right to assert a claim now with regard to the trust. In support, he cites *Fenstermaker v. Fenstermaker,* 348 Pa.Super. 237, 502 A.2d 185 (1985). He further contends that as a result of her failure to appeal the decree of equitable distribution, appellee is collaterally estopped and cannot attack the finality of the divorce decree except in the instance of extrinsic fraud which he maintains does not exist in this case. *See Kadel v. McMonigle,* 425 Pa.Super. 253, 624 A.2d 1059 (1993) (decree cannot be attacked collaterally except on the basis of extrinsic fraud).

We reject both arguments. In order to be precluded by application of res judicata or collateral estoppel, there must be an identity of parties and issues. *See City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989). In the equitable distribution proceedings, the court allocated marital property. In the present action, however, appellee is not seeking an interest in reversion of the trust as marital property but is acting as the guardian on behalf of the children. Further, the issue before us is not equitable distribution nor who should be trustee but the propriety of the imposition of a constructive trust. Thus, there is not an identity either of the parties or of the issues. Hence, we conclude appellee is not precluded from seeking equitable relief herein due to waiver.

Appellant next argues that the court's decision to enter a preliminary injunction was improper since appellee had failed

to establish the necessary requirements. He specifically asserts that appellant failed to prove either that an immediate harm already had occurred by the transfer of the money or that the alleged harm would be irreparable. He claims the money has not been spent for his own benefit. He thus avers that there is no present, irreparable harm as required to support imposition of a preliminary injunction. In support, appellant relies upon *Cosner v. United Penn Bank*, 358 Pa.Super. 484, 517 A.2d 1337 (1986) (an injury is irreparable when it cannot be compensated for with an award of monetary damages).

The court, in its order, granted a constructive trust over the funds at issue as well as an preliminary injunction to prevent appellant from gaining access to the money. Since appellee already has prevailed on the merits of the underlying issue, appellant's objections to the issuance of the preliminary injunction are rendered moot by a decision on the merits that in essence imposes a permanent injunction through the imposition of a constructive trust. *See Richards v. Trimbur*, 374 Pa.Super. 352, 543 A.2d 116 (1988) (appellate court will not decide moot questions to which no effect can be given). *See also Excellent Laundry Co. v. Szekeres*, 382 Pa. 23, 114 A.2d 176 (1955) (law is not concerned with matters that have become moot, and the court will act only where a real controversy exists); *Meyers v. Pennsylvania Public Utility Commission*, 164 Pa.Super. 431, 65 A.2d 256 (1949) (it is not the province of the courts to give advisory opinions).

Therefore, we now address the propriety of the trial court's imposition of a constructive trust. Our standard of review to determine the appropriateness of a decree in equity, irrespective of whether it relates to injunction proceedings, is well-established:

Appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or abused his discretion. The scope of review of a final decree in equity is limited and [the chancellor's decision] will not be disturbed unless it is unsupported by the evi-

dence or demonstrably capricious. The test employed is not whether the appellate court would have reached the same result as the trial judge, who heard and saw the evidence, but whether a judicial mind, on due consideration of the evidence, could have reached the conclusion of the trial judge.

*Purdy v. Zaver,* 398 Pa.Super. 190, 196–97, 580 A.2d 1127, 1130–31 (1990) (citations omitted). *See also Brasile v. Estate of Brasile,* 354 Pa.Super. 400, 512 A.2d 10 (1986). Furthermore, we note that a constructive trust is not reformation of trust documents but rather an equitable remedy to prevent unjust enrichment. *See Partrick & Wilkins Co. v. Reliance Ins. Co.,* 500 Pa. 399, 404, 456 A.2d 1348, 1351 (1983) (citations omitted), where our Supreme Court stated:

As the Court has often stated, a constructive trust is not a trust in the ordinary sense of the term but simply an equitable remedy designed to prevent unjust enrichment. Unlike the duties of a traditional fiduciary, the sole responsibility of a constructive trustee is to surrender the property to the one on whose behalf the constructive trust is raised.

Bearing these standards in mind, we address appellant's arguments.

First, we disagree with appellant's claim that the children lack a basis to block his acquisition of these funds since there is no consideration to support their claim. In support, he cites *Volkwein v. Volkwein,* 146 Pa.Super. 265, 22 A.2d 81 (1941) (executor lacked an enforceable right to specific insurance proceeds to pay funeral expenses against surviving spouse where promise to pay them was backed only by sentiment and moral consideration). By making this argument, appellant ignores the fact that the funds already were given to the children in trust. The trust had not expired when appellant transferred the assets to the certificate of deposit in his own name. Consequently, the children still had an interest in the funds subject to the independent trustee's discretion and without interference by appellant. Our Supreme Court long ago held that "no one can acquire rights in property antagonistic to the person whose interest he has committed

himself to protect, nor hold any benefit acquired by fraud or breach of duty; this is one of the fundamental principles of equity jurisprudence." *Hamberg v. Barsky*, 355 Pa 462, 467, 50 A.2d 345, 346 (1947). If appellant were to prevail, unjust enrichment would result from the placement of funds currently belonging to the children into his own name. There is no evidence that he placed the funds into an account in which he designated himself as trustee or custodian for the childrens' benefit. Thus, his conduct in transferring the funds perpetrated fraud resulting in his unjust enrichment and justifies imposition of a constructive trust. *Id; Roman Mosaic & Tile Co. v. Vollrath*, 226 Pa.Super. 215, 313 A.2d 305 (1973) (constructive trust appropriate to prevent a wrongfully secured benefit and unjust enrichment).

Second, we find that the equity court properly prevented appellant from altering his affirmation made in the prior divorce proceedings that these funds solely were to benefit the children. Although neither party addressed the question of the reversion of the funds in the equitable distribution proceedings, appellant repeatedly affirmed his intent that the funds were for the sole use of assisting to pay for the childrens' education without conditions or restrictions. Since appellant affirmed that the funds belonged to the children, the funds were not addressed or included in the equitable distribution of marital property. We conclude that appellant is bound by his prior affirmation in the divorce action and by promissory estoppel. Accordingly, he may not alter his prior affirmation to assert in a subsequent action that once the funds revert to him, he is entitled to impose conditions at his discretion regarding when or how much of the trust is distributed to the children. *See Associated Hosp. Service v. Pustilnik*, 497 Pa. 221, 439 A.2d 1149 (1981) (party to an action generally is estopped from assuming a position inconsistent with a position asserted in a prior proceeding).

Third, the court properly did not credit appellant's pledge that the funds would be used by him to pay for the childrens' education. The credibility determination of the

equity court may not be disturbed on appeal. *Stauffer v. Stauffer*, 465 Pa. 558, 351 A.2d 236 (1976). Appellee established that appellant was in debt to Medicare and Blue Cross in an original amount of $900,000 as the result of billing irregularities through his medical practice. Additionally, on November 13, 1991, he pled guilty to submitting a false financial statement to the United States Government by failing to disclose and include the trust as an asset as part of the settlement and repayment of liabilities to be paid to the government as reimbursement for the billing irregularities. He was sentenced to two years of probation and fined $100,-000. Therefore, we conclude that the trial court possessed a valid basis for not crediting appellant's claim that he would disburse these funds only to benefit the children. A factual determination by the chancellor will not be reversed on appeal absent an error of law or lack of support in the record. *Purdy v. Zaver, supra.*

As a result, we find the trial court properly precluded further transfer or withdraw of the trust funds which appellant placed in his own name by application of the principles of promissory estoppel, fraud, and unjust enrichment. *See Silver v. Silver*, 421 Pa. 533, 219 A.2d 659 (1966) (imposition of a constructive trust is appropriate to preclude unjust enrichment); *see also Denny v. Cavalieri*, 297 Pa.Super. 129, 443 A.2d 333 (1982).

Finally, appellant argues that even if he diverted these funds, no harm occurred so as to require the grant of a preliminary injunction or the imposition of a constructive trust since the children can be made whole by bringing an action for support pursuant to 23 Pa.C.S. § 4327. That section now permits children to seek support for their higher education. Consequently, he argues that the court erred. We reject this argument. This issue is not whether the children can bring an action but whether a constructive trust was imposed properly.

Instantly, the court prevented appellant from altering his prior affirmations and possessing funds which equitably do not belong to him. It concluded that he already had shifted the funds for the benefit of his children to his own name, and

there was a reasonable likelihood that he might use these funds for his own benefit. Consequently, a constructive trust was appropriate to ensure the trust funds remained available to the children as intended. *See Roman Mosaic & Tile Co. v. Vollrath, supra* (constructive trust is appropriate to prevent unjust enrichment by a fiduciary); *Perloff Bros. v. Cardonick,* 406 Pa. 137, 176 A.2d 413 (1962) (where there was evidence of fraud, an injunction should issue).

Further, the right of the children to seek future support from appellant for college does not alter this conclusion. If appellant were allowed to divert these funds, there is a reasonable likelihood in view of appellant's circumstances that the funds may not be available for the childrens' education. Moreover, this is not a mere matter of money damages. The children will need the funds at a specific time in their lives before they start careers and incur financial obligations, and it may not be possible for them to attend college at a later date. Support, even if paid by appellant, would not be as readily available as the trust corpus is for this purpose. *See East Hills TV & Sporting v. Dibert,* 366 Pa.Super. 455, 531 A.2d 507 (1987) (seller may be enjoined from using funds in seller's bank so as to prevent potential loss of funds belonging to buyer and necessary to carry on its business). Finally, if, as appellant contends, he truly intends the funds exclusively to benefit the children, even though he is not in control of the investment or disbursement of the funds, he should have no objection to the funds being placed in trust with together with the appointment of an independent trustee. Accordingly, we conclude the trial court properly imposed a constructive trust.

Order affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

I disagree with the court's imposition of a constructive trust. Here a trust was established for the education of the parties two minor children and was to automatically expire ten years

and ninety days after its creation. The funds were then to revert solely to Appellant.

At the time of equitable distribution, both parties knew the terms of the trust. They were aware that although Appellant stated it was his intent that this money be used exclusively for their children's education, the terms of the trust were obvious and did not require such a use after termination. No legal action was taken to extend the trust beyond the expiration date or to assure wife would receive a portion of the funds, if available, upon the expiration of the trust. The fact that distribution of the marital estate was made, knowing that these funds would revert to Appellant at a date certain, constitutes an agreement on their distribution. If the Appellee sought an interest in the fund, or wished to encumber it further for the children's education, the matter should have been addressed at the time of distribution.

Also, the trial court's action does not determine how long the trust should continue, or the conditions for payment of educational costs and it does not deal with the ultimate distribution of excess funds.

I note that the children have the ability to compel Appellant provide necessary post-secondary educational funding. By refusing to impose a trust in favor of Appellee, I do not conclude that the children are unable to seek a contractual determination of their status as beneficiaries of an agreement between their parents governing father's payment of educational costs. These matters should await the appropriate case before being addressed.

Therefore, I must dissent from the Majority's affirmance of the order imposing a constructive trust.