494 A.2d 866

**Kurt RICE and Margaret Rice, Appellees,**

**v.**

**Dr. David SHUMAN, Defendant and Nationwide Insurance Company, Garnishee.**

**Appeal of NATIONWIDE INSURANCE COMPANY.**

**Anna RICKENBACH and Bertolet Rickenbach, Appellees,**

**v.**

**Kurt RICE and Dr. David Shuman and Nationwide Mutual Insurance Company.**

**Appeal of NATIONWIDE MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued July 18, 1984.

Filed June 21, 1985.

Michael Gallagher, Philadelphia, for appellant.

Eugene A. Spector, Philadelphia, for appellees.

Before CAVANAUGH, BECK and TAMILIA, JJ.

BECK, Judge:

These appeals are collateral to a tort action arising from a two-car accident. After a jury trial, a judgment was entered awarding appellees money damages against certain defendants including Dr. David Shuman. Exceptions were filed by defendant Shuman. He died before the exceptions were denied.

Appellant is defendant's insurer. It filed an appeal on defendant's behalf on the underlying tort action. Appellant did not file a supersedeas bond. Meanwhile, appellees brought a garnishment action against appellant, and pursuant to the garnishment action, judgment was entered in favor of appellees in the amount of defendant Shuman's policy coverage. Appellant petitioned the trial court to strike the judgment. The court's response was its order of July 15, 1983:

AND NOW, this 15th day of July, 1983, upon consideration of garnishee Nationwide Mutual Insurance Company's Petition to Strike the Judgment and for Stay of Proceedings and plaintiff's answer thereto, it is hereby ordered that garnishee's petition is denied.

Appellant appeals the above order.

Appellant's contention is that the judgment should have been stricken and the proceedings stayed pending the outcome of its appeal on the underlying tort action. Although no supersedeas security was filed, as required by Pa.R.A.P. 1731, appellant claims it falls under the "party acting in a representative capacity" exemption under Pa.R.A.P. 1736(a)(3). We do not agree that appellant's status as

defendant's insurer constitutes a "representative capacity." Therefore, we affirm the order of the trial court.

Generally, a party appealing an order involving solely a monetary award may obtain an automatic supersedeas by filing appropriate security equalling 120% of the amount found due and unpaid. Pa.R.A.P. 1731. However, under Pa.R.A.P. 1736,

[n]o security shall be required of:

(1) The Commonwealth or any officer thereof, acting in his official capacity.

(2) Any political subdivision or any officer thereof, acting in his official capacity.

(3) A party acting in a representative capacity.

(4) A taxpayer appealing from a judgment entered in favor of the Commonwealth upon an account duly settled when security has already been given as required by law.

(5) An appellant who has already filed security in a lower court, conditioned as prescribed by these rules for the final outcome of the appeal.

**(b) Supersedeas automatic.** Unless otherwise ordered pursuant to this chapter the taking of an appeal by any party specified in Subdivision (a) of this rule shall operate as a supersedeas in favor of such party.

Appellant argues that as an agent and fiduciary of defendant, it is exempt as a "party acting in a representative capacity." Pa.R.A.P. 1736(a)(3). Therefore, appellant concludes that it is entitled to an automatic supersedeas and that the garnishment action and its consequent judgment are improper.

In finding that appellant does not enjoy a Rule 1736 exemption, we look at the purpose of Rule 1736 and examine the other categories of exemptions under the Rule. Under Rule 1736(a)(1) and (a)(2), the Commonwealth, political subdivisions, and their respective officers acting in their official capacities, need not supply security. Obviously, a party awarded a judgment against governmental entities and their duly authorized agents can be certain that such judgment debtors will not become judgment proof while an

appeal is pending. Under Rule 1736(a)(4) and (a)(5), parties who for various reasons have already filed security need not file an additional bond. Again, the party awarded a judgment below is assured that the judgment will be satisfied if the judgment is affirmed on appeal.

■ The purpose of these limited exemptions is clear. As long as the judgment is already adequately protected, additional security is not required pending the outcome of an appeal. In the case sub judice, we must determine whether appellant, an insurance company, was intended by the drafters of Rule 1736 to enjoy the exemption of a "party acting in a representative capacity."

Although the expression "representative capacity" is not defined by Rule 1736, the clear precept uniting the enumerated Rule 1736 exemptions is that an appellant is excused from posting security for an appealed judgment only when the judgment winner is otherwise assured that the appellant will not be judgment proof after an unsuccessful appeal. Therefore, the types of representative capacity contemplated as Rule 1736 supersedeas security exemptions are those where there already exists a reliable guarantee of indemnification by the representative. For example, since they are statutorily required to file bonds as a condition of their being approved as personal representatives, guardians and trustees inter alia would be excused under Rule 1736 from posting added security during the pendency of an appeal. See 20 Pa.C.S. §§ 3171, 5121, & 7111.

■ In contrast, appellant is under no duty to post security and thus prevent itself from becoming judgment proof. Therefore, to assure that appellant will be able to satisfy the adverse judgment if appellant unsuccessfully appeals the underlying tort action, appellant is required to post security. To permit appellant to dispense with the obligation of filing supersedeas security before it pursues its appeal is to contravene the policy of Rule 1736, which assures satisfaction of judgments to appellees. We conclude appellant is not a "party acting in a representative capacity," as contemplated by Rule 1736, and therefore, the trial court did not err.

■ Appellant's final contention is that, due to certain acts by appellees, they are estopped from claiming appellant was not acting in a representative capacity. However, the acts alleged by appellant are not of record, and in fact do not involve appellees.

The order of the trial court is affirmed.