## Jackson v. Borough of Malvern

*Lenard L. Wolffe* and *Alan B. Portnoff*, for petitioner.

*W. Robert Landis*, for defendant Borough of Malvern.

*Fronefield Crawford Jr.*, for defendant Planning Commission of the Borough of Malvern.

*John C. Snyder*, for intervening landowners.

SMITH, *J.*, STIVELY, *J.*, WOOD, *J.*, April 15, 1987 — This matter came before the court on peti-

tioner's appeal from a decision by the Zoning Hearing Board of the Borough of Malvern, denying petitioner's application to establish a mobile home park in the Borough of Malvern. By order dated June 2, 1986, Judge Wood reversed the decision of the zoning hearing board and ruled that the zoning ordinance in question was exclusionary and thus unconstitutional. Intervenors Elizabeth Burke, Frank Ortner, William Huffman, the Borough of Malvern and the Planning Commission of the Borough of Malvern timely appealed to the Commonwealth Court of Pennsylvania. The borough thereby became entitled to an automatic supersedeas as to the order of June 2, 1986, pursuant to Pa.R.A.P. 1736(a)(2).

Thereafter petitioner requested Judge Wood to either modify the supersedeas, pursuant to Pa.R.A.P. 1736(b), or to require the borough to post a bond pursuant to Pa.R.A.P. 1737(1). On November 6, 1986, he entered an order requiring the Borough of Malvern to post bond in the amount of $100,000. The borough and the planning commission thereafter filed an application for reconsideration en banc of the order of November 6, 1986. Petitioner also asked Judge Wood to reconsider his order of September 6, 1986, excusing the individual respondents Elizabeth Burke, Frank Ortner and William Huffman from posting a bond.

Pa.R.A.P. 1736 exempts certain entities, notably municipalities, from the requirement of posting bond as a condition to obtaining a supersedeas on appeal. The exemption can be disallowed by the court for "cause shown." Pa.R.A.P. 1737. The reasoning behind such exemptions was discussed in *Rice v. Shuman*, 343 Pa. Super. 318, 494 A.2d 866 (1985), in dicta:

"Under rule 1736(a)(1) and (a)(2), the common-

wealth, political subdivisions, and their respective officers acting in their official capacities, need not supply security. Obviously, a party awarded a judgment against governmental entities and their duly authorized agents can be certain that such judgment debtors will not become judgment-proof while an appeal is pending."

The original explanatory comment to Pa.R.A.P. 1737 clarified that a political subdivision may be required to post bond if its resources are insufficient to meet its liability in damages to the appellee should the appeal be unsuccessful:

"This rule is revised to make clear that the discretion of the court under chapter 17 extends to cases such as (1) requiring a normally exempt entity to file security (e.g., a political subdivision whose resources are insufficient to justify the assumption underlying the usual rule exempting it from filing security) *Pennsylvania Bulletin,* Vol. 27, p. 1471, June 26, 1976." ·

This comment makes clear that a municipality's resources will be considered sufficient to meet any liability imposed upon it for damages occasioned an appellee by a supersedeas, unless proof to the contrary appears. After reconsideration en banc, the court concludes that this ability or inability to pay damages in the only criteria relevant here on whether to require the borough to post bond. Since petitioner has produced no evidence to suggest that the Borough of Malvern may become judgment-proof or otherwise unable to meet its obligation to petitioner should its appeal fail, we are compelled to vacate the order of November 6, 1986. However, we wish to emphasize that by doing so we are not implying that appellants will not be responsible for compensating petitioner for loss occasioned by the delays caused by the appeal.

## ORDER

And now, this April 15, 1987, the order entered in this matter on November 6, 1986, is hereby vacated.

WOOD, *J.*, April 15, 1987 — I join in the above opinion and order, and also dismiss petitioner's application to require the individual appellants to post bond.