543 A.2d 116

**Frank G. RICHARDS and Eleanor B. Richards, husband and wife**

v.

**Thomas A. TRIMBUR, an individual, Paul J. Trimbur Inc., a corporation and CNA Insurance Company, a stock insurance company.**

**Appeal of John A. SIPPOS.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1987.

Filed May 18, 1988.

354

Michael I. Markowitz, Pittsburgh, for appellant.

Before ROWLEY, TAMILIA and POPOVICH, JJ.

ROWLEY, Judge:

This appeal of John A. Sippos, an incompetent, by his guardian, Irene Sippos, is from the trial court's order of January 23, 1987, denying appellant's petition to intervene

as a plaintiff in this declaratory judgment action brought by Frank and Eleanor Richards against Thomas A. Trimbur, Paul J. Trimbur, Inc., and CNA Insurance Company.[1] The action has since been discontinued at the request of the Richards. Appellant contends that 1) he is an indispensable party in this declaratory judgment action instituted by the Richards, and, therefore, the trial court erred in denying his petition to intervene; and 2) despite the discontinuance of the Richards' action, his appeal is not moot. He asks that we strike off the discontinuance, reverse the trial court's order, and remand the case so that he can, after a reasonable time, proceed to trial. We conclude that appellant's appeal must be dismissed as moot.

The facts of the case are as follows: On June 11, 1984, appellant was seriously injured when the motorcycle that he was operating collided with an automobile operated by Eleanor Richards. Alleging that Richards' negligence was solely or partially responsible for the accident, appellant, by his guardian, commenced an action for damages against Richards at No. GD86–478 on January 9, 1986. On March 26, 1986, Frank and Eleanor Richards instituted this declaratory judgment action at No. GD86–5474 against Thomas A. Trimbur, an insurance agent, Paul J. Trimbur, Inc., an insurance agency, and the CNA Insurance Company. The Richards had maintained a basic automobile liability insurance policy with Allstate Insurance Company (who was not a party to their lawsuit) in the amounts of $100,000 per person and $300,000 per occurrence. They believed that such "100/300 coverage" was the required minimum coverage that allowed them to qualify for excess liability insurance of up to $1,000,000 under a separate "personal umbrel-

---

1. The caption given herein correctly denotes the parties to the action. Frank and Eleanor Richards brought the action against Thomas A. Trimbur, Paul J. Trimbur, Inc., and CNA Insurance Company. John A. Sippos, appellant, petitioned to intervene and now appeals from the order denying his petition. He is not, and has never been, a party to the action. On his notice of appeal to this Court, appellant used the caption that is given here as well as a caption naming himself as petitioner and all of the parties to this action as respondents. The latter caption, which has been used on the documents pertaining to this appeal, is incorrect.

la excess policy" issued to them by CNA. In fact, the minimum basic coverage required by CNA was, or at some point became, $250,000 per person and $500,000 per occurrence. The Richards feared that if the suit filed against Eleanor Richards by appellant resulted in a judgment against her, she could be personally liable for the difference between the maximum coverage per person under the basic Allstate policy and the minimum coverage per person under the CNA umbrella policy. The Richards sought a declaration that the appellees were jointly and severally liable for the difference between the $100,000 and the $250,000 and that CNA was required to provide excess liability insurance protection between $100,000 and $1,100,000 for appellant's claim against Eleanor Richards.

On January 23, 1987, appellant presented, to the trial court, a petition to intervene as a party plaintiff in the Richards' declaratory judgment action. He asserted that he was an indispensable party to the action and that he needed to intervene in order to protect his interest in an outcome favorable to the Richards. Appellant also requested that the trial of the case be continued in order to afford him sufficient time to prepare for trial.[2] His petition to intervene was denied in an order filed that day by the trial court. In its statement in lieu of an opinion the trial court explained that appellant had been aware of the trial schedule since the case was listed for trial and had refused the court's offer to allow his intervention without a continuance. Notice of appellant's appeal to this Court from the trial court's order of January 23, 1987, was filed on February 20, 1987.

On February 24, 1987, the trial court granted a motion for summary judgment in favor of defendants Thomas Trimbur and Paul J. Trimbur, Inc. On March 6, 1987, appellant presented a petition to remove the case from the trial list. The trial court denied the petition. On March 9,

2. The trial court states that appellant's January 23, 1987, request came "on the eve of Trial" (Statement in Lieu of Opinion at 2). Our review of the certified record indicates that trial was scheduled to begin in March of 1987.

1987, appellant filed a second petition to be joined as an indispensable party. The record that has been certified to us does not reveal that the trial court took any action on that petition. On March 12, 1987, the trial court, upon the request of the Richards, ordered that the case be discontinued pursuant to Pa.R.C.P. 229(a). All of the parties to the now-discontinued action have declined to participate in this appeal.

Before addressing the issues raised by appellant, we must determine whether his appeal is properly before us. Issues of appealability and jurisdiction may be addressed sua sponte. *M. London, Inc. v. Fedders Corporation*, 306 Pa.Super. 103, 106, 452 A.2d 236, 237 (1982). Generally an appeal will not lie from an order denying a petition to intervene because such an order is not final. *Boise Cascade Corporation v. East Stroudsburg Savings Association*, 300 Pa.Super. 279, 281, 446 A.2d 614, 615 (1982) (quoting *Frey's Estate*, 237 Pa. 269, 271, 85 A. 147, 148 (1912)). Where, however, denial of the petition to intervene would amount to a practical denial of relief to which the petitioner is entitled and which he can obtain in no other way, an order denying the petition to intervene is final as to the petitioner, and therefore appealable. *Id.* (quoting *Frey's Estate, supra* ). Because the finality of the order is a judicial conclusion that can only be reached after examining the ramifications of the order, we must address the merits of appellant's case to determine whether the order denying his petition to intervene amounts to a practical denial of relief. *Id.* 300 Pa.Super. at 281–82, 446 A.2d at 615.

The Richards, plaintiffs in the action in which appellant petitioned to intervene, sought a declaratory judgment that the defendants were liable to them for any "gap" that might exist in the Richards' insurance coverage. Our Declaratory Judgments Act, 42 Pa.C.S.A. § 7540(a), requires that when declaratory relief is sought, all persons shall be made parties who have or claim any interest that would be affected by the declaration. In *Vale Chemical*

*Co. v. Hartford Accident and Indemnity Co.*, 512 Pa. 290, 292, 516 A.2d 684, 685 (1986), our Supreme Court held that a person who had brought a personal injury claim against an insured was an indispensable party in a declaratory judgment action on the issue of coverage between the insured and the insurance carrier. In such a case the personal injury plaintiff has an obvious interest in seeing that the insurance company pays any judgment eventually obtained against its insured. *Id.*, 512 Pa. at 294, 516 A.2d at 686–87. Where the personal injury plaintiff has not been joined, the court lacks jurisdiction to enter a declaratory judgment. *Id.*, 512 Pa. at 293, 516 A.2d at 686. If such a judgment has been issued, it must be vacated and the case dismissed. *Id.* Appellant is thus correct when he asserts, in his first issue, that he was an indispensable party to the Richards' action. We conclude that if appellant's interest was so directly implicated in the Richards' action that his absence deprived the trial court of jurisdiction to issue a judgment in that action, then the trial court's order denying appellant leave to intervene had the effect of denying him relief to which he was entitled and which he could not obtain in any other way. The order denying appellant's petition to intervene is therefore final as to appellant, and his appeal therefrom is properly before us.

▊ The fact that we have jurisdiction to entertain appellant's appeal does not mean, however, that we can now grant him the relief that he requests. We will not decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given. *Graziano Construction Co., Inc. v. Lee*, 298 Pa.Super. 311, 317, 444 A.2d 1190, 1193 (1982). As a general rule, an actual case or controversy must exist at every stage of the judicial process, and a case that was once "actual" may be rendered moot by a change of facts. *In re Estate of Dorone*, 349 Pa.Super. 59, 65, 502 A.2d 1271, 1274 (1985), *appeal granted*, 511 Pa. 609, 515 A.2d 893 (1986). Such is the case here: the action in which appellant seeks to intervene no longer exists.

In his second issue appellant asserts that, nevertheless, his appeal is not moot. He offers several arguments in support of his claim. First, appellant contends that his appeal cannot be moot because he is guaranteed the right to appeal by Article 5, Section 9 of the Pennsylvania Constitution. The fact that appellant's appeal is now being considered by this Court indicates that appellant's constitutional right of appeal has not been denied him. He is not guaranteed the right to succeed in his appeal.

Second, appellant argues that because he was an indispensable party to the Richards' declaratory judgment action, the discontinuance of the action was ineffective as to him. Appellant's argument is based on misconceptions both as to the nature of a discontinuance and as to his role in the Richards' action. Pursuant to Pa.R.C.P. 229(a), a discontinuance is the exclusive method by which a plaintiff may terminate an action before commencement of the trial. Pa.R.C.P. 1032, which appellant contends was the only proper method of terminating the action, merely states that failure to join an indispensable party is a non-waivable defense and that the court shall dismiss an action if at any point it appears that there has been a failure to join an indispensable party. Rule 1032 does not address the *plaintiff's* right to terminate an action. Moreover, as the trial court explains (Statement in Lieu of Opinion at 3), although the court entered an order of discontinuance at the parties' request, the Richards did not require the court's permission in order to terminate their action. Rule 229(b) and the Note following the rule specify the circumstances in which court approval of a discontinuance is required, and appellant's case is not among those circumstances. In particular, we note that while Pa.R.C.P. 2064(a) requires court approval of a discontinuance where an incompetent is a party, appellant had never been made a party to the Richards' action. Pa.R.C.P. 2330(a) states that an intervener shall have all the rights and liabilities of a party to the action *after* entry of an order allowing intervention. In the absence of such an

order, appellant was not a party to the action and therefore had no standing to object to its discontinuance.

■ Third, appellant argues that the Richards' discontinuance after appellant's filing of this appeal violated Pa.R. A.P. 1701(a), which states that after an appeal is taken "the trial court ... may no longer proceed further in the matter." This general prohibition is limited by Pa.R.A.P. 1701(c), however, to the particular claim involved in the appeal. In addition, as we have just stated, it was not necessary for the *trial court* to proceed further: the Richards did not require court approval of their discontinuance. We also find no merit in appellant's related claim that as a party acting in a representative capacity, he has an automatic supersedeas under Pa.R.A.P. 1736. Rule 1736, the purpose of which is to ensure satisfaction of judgments to appellees, *Rice v. Shuman*, 343 Pa.Super. 318, 322, 494 A.2d 866, 868 (1985), is not relevant to the type of appeal brought by appellant.

Finally, appellant argues that his appeal is not moot because the Richards' discontinuance could prejudice him by permitting CNA to assert a statute of limitations defense against him if he obtains a judgment against Eleanor Richards and then brings a garnishment action against CNA. Appellant's argument is without merit. The case cited by appellant, *American Surety Company of New York v. Dickson*, 345 Pa. 328, 28 A.2d 316 (1942), does not support his theory. In any event, we are aware of no authority which holds that we may decide an appeal that is otherwise moot in order to forestall any possible prejudice to the appellant. Moreover, appellant does not assert that he will be unable to bring his own declaratory judgment action against CNA, if and when he obtains a judgment against Eleanor Richards. *See Avrich v. General Accident Insurance Co.*, 367 Pa.Super. 248, 532 A.2d 882 (1987).

In conclusion, the fact that appellant was an indispensable party to the Richards' declaratory judgment action was not a bar to the discontinuance of that action. Because the

action has been discontinued, appellant's appeal must be dismissed as moot.

Appeal dismissed as moot.