IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia         :
                              :
            v.                   :
                              :
Kalidave, LLC                :
                              :   No. 1079 C.D. 2019
Appeal of: Nathan Lerner    :   Submitted: May 27, 2022

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE ELLEN CEISLER, Judge
               HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: August 16, 2022

Nathan Lerner (Lerner) appeals, pro se, from the Philadelphia County Common Pleas Court's (trial court) June 18, 2019 Final Order by Agreement and Permanent Injunction (Final Order).[1] The sole issue before this Court is whether the trial court erred by concluding that Lerner lacked standing to appeal from the Final Order.[2] After review, this Court quashes Lerner's appeal.

---

[1] The trial court's June 18, 2019 Final Order was entered into the docket on June 20, 2019.

[2] Lerner presents six issues in his Statement of the Questions Involved: whether the trial court erred by barring Lerner from asserting that (1) the trial court lacked jurisdiction; (2) the Final Order contained falsehoods and material omissions; (3) he was entitled to commence a private code enforcement action against Kalidave, LLC (Owner) and to intervene in a code enforcement action against Owner, and the trial court relied on a non-existent statute to deny his Third-Party Petition for Leave to Intervene Pursuant to Pennsylvania Rule of Civil Procedure 2327, Pa.R.Civ.P. 2327; (4) the trial court misconstrued or misapplied fundamental principles of standing, and abrogated his right to seek or oppose injunctive relief; (5) the proposed permanent injunctions were procedurally defective and the trial court erred by failing to issue a decree nisi; and (6) the trial court abrogated Lerner's due process rights under the United States and Pennsylvania Constitutions. *See* Lerner Suppl. Br. at 5-6. However, because the issue as phrased by the Court is jurisdictional in nature and is dispositive, this Court does not reach Lerner's stated issues.

In 2016, Lerner began leasing property located at 1351 South Markoe Street, Philadelphia, Pennsylvania (Property), from Kalidave, LLC (Owner). In 2018, Lerner renewed the lease subject to a Certificate of Rental Suitability issued by the City of Philadelphia (City) on October 31, 2018. Lerner filed complaints with the City about various violations of the subcode PM - Philadelphia Property Maintenance Code (Code)[3] - at the Property, after which, on November 6, 2018, the City, through the Department of Licenses and Inspections (Department), issued Notice of Violation (Violation Notice) No. 662513 to Owner regarding, *inter alia*, the Property's disrepair and a rat infestation.[4] On December 17, 2018, the City issued Violation Notice No. 667240 to Owner for, *inter alia*, a broken heater and a lack of water supply. Reproduced Record (R.R.) at 35.[5] On February 14, 2019, the City filed a complaint (Complaint) against Owner because it failed to timely correct the violations.[6] In addition to seeking fines and fees, the City requested an order from the trial court directing Owner to immediately correct all Code violations, and granting such other relief the trial court deemed appropriate, including ordering that

---

[3] The Code is located in the Philadelphia Building Construction and Occupancy Code portion of the Philadelphia Code of General Ordinances.

[4] On September 13, 2018, Lerner filed a complaint with the City's Department of Health, Environmental Health Services, Vector Control Services, that was referred to the Department. *See* (Original Record Item 9 (Third-Party Petition for Leave to Intervene Pursuant to Pennsylvania Rule of Civil Procedure (Rule) 2327 (Intervention Petition)) ¶ 9, Ex. C; *see also* Lerner Br. at 8-9. Lerner also claims to have filed a property maintenance complaint with the City on September 13, 2018, that was also referred to the Department. *See* Intervention Petition ¶ 10; *see also* Lerner Br. at 9. However, a copy of the latter complaint is not included in the record.

[5] Lerner's Reproduced Record fails to comply with the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2173 ("[T]he pages of . . . the reproduced record . . . shall be numbered separately in Arabic figures . . . thus 1, 2, 3, etc., followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc."). Specifically, Lerner failed to include the small "a" with his Reproduced Record page numbers. However, for consistency of reference, the citations herein are as reflected in Lerner's Reproduced Record.

[6] The Complaint was filed against Kalidave Limited Partners rather than Kalidave, LLC. Because neither party challenges any discrepancy between Kalidave Limited Partners and/or Kalidave, LLC, this Court will not make a distinction. Both are referred to herein as Owner.

2

the Property be vacated. That same day, the Department posted a notice on the Property that it was an unfit structure and must be vacated immediately. *See* R.R. at 49. On February 15, 2019, the trial court issued a rule for Owner to show cause why the trial court should not afford the City relief, and scheduled a hearing for April 9, 2019.

On March 29, 2019, Owner filed an answer to the Complaint, therein denying that it violated the Code because it made a good faith effort to make the necessary repairs after receiving the Department's Violation Notices, but Lerner denied Owner access to the Property. Owner explained in New Matter that it had leased the Property to Lerner in August 2016; on November 18, 2018, Owner issued a lease termination letter to Lerner; on November 20, 2018, Owner filed a landlord and tenant complaint in the Philadelphia Municipal Court to terminate Lerner's lease due to rent Lerner withheld;[7] on February 13, 2019, the parties entered into Judgment by Agreement reflecting that Lerner voluntarily terminated the lease and agreed to vacate the Property by April 30, 2019, *see* R.R. at 116; on February 28, 2019, Owner obtained a writ of possession for the Property; and Owner declared that it would correct the Code violations once Lerner vacated the Property. The trial court rescheduled the April 9, 2019 hearing to June 18, 2019.

On April 30, 2019, Lerner filed a Third-Party Petition for Leave to Intervene Pursuant to Pennsylvania Rule of Civil Procedure (Rule) 2327 (Intervention Petition). *See* R.R. at 61-101 (Original Record (O.R.) Item 9). Therein, Lerner alleged that Owner was aware of the Code violations at the Property as early as August 2018, but refused to correct them, which spurred him to lodge a report with the City and file the Fair Housing Commission (Commission) complaint

---

[7] During this time, Lerner had filed a complaint with the City's Fair Housing Commission.

3

for rental abatement.[8] Lerner also represented that he had moved to Apartment #705 at 1212 Ludlow Street in the City, but he retained legal possession of the Property and some of his personal items were still there. Lerner claimed that the City failed to notify him about the Code enforcement Complaint and the related hearing. Lerner asserted that his legal possession of the Property afforded him standing and, thus, he was qualified to intervene, either pursuant to Rule 2327(3), Pa.R.Civ.P. 2327(3), because he could have joined in the City's Code enforcement Complaint as an original party, *see* Intervention Petition ¶ 27, or pursuant to Rule 2327(4), Pa.R.Civ.P. 2327(4), because the trial court's ruling on the City's Complaint "may affect [his] legally enforceable interests, whether or not he may be bound by a judgment in the action." Intervention Petition ¶ 28. In support of his position, Lerner asserted that he had a substantial, direct, and immediate interest in the City's action that was not represented by Owner (because his interests were wholly adversarial to Owner), or the City (because his interests were substantially different from and, in some respects, adversarial to the City's position).[9] *See* Intervention Petition ¶¶ 25-26.

On May 20, 2019, Owner filed an answer opposing the Intervention Petition, arguing that since Lerner agreed to the February 13, 2019 Judgment by

---

[8] Lerner testified before the Commission that the Property's condition had a negative effect on his health, damaged his property, and caused him to be homeless. *See* Intervention Petition Memorandum of Law (O.R. Item 9) Ex. E. Although the Commission did not agree with Owner's testimony that Lerner's hoarding habits led to the rat infestation, the Commission found that Lerner could have taken steps to mitigate the rat infestation. *See id.* On February 12, 2019, the Commission determined that since Owner did not present a Certificate of Rental Suitability to Lerner before October 31, 2018, Owner's lease termination was void and unenforceable, that Lerner properly withheld rental payments, that Owner had corrected the issues at the Property, and that Lerner was entitled to an 80% rent abatement for the time the Property was unfit for habitation. *See id.*

[9] Although Lerner did not specify in the Intervention Petition precisely what his interests were, he declared in his memorandum in support thereof that he "had additional and further interests in cleaning and salvaging his personal records and chattel that [then] repose[d] in the subject [P]roperty." *Id.* at 11 (R.R. at 82).

4

Agreement the day before the City filed the February 14, 2019 Complaint, and he had vacated the Property, he did not have a legally enforceable interest in the City's Code enforcement action, and his intervention would do nothing but delay those proceedings and prejudice the parties.

By June 7, 2019 order,[10] the trial court denied the Intervention Petition because Lerner lacked standing to intervene in the City's Code enforcement action. On June 17, 2019, Lerner timely appealed to this Court (Pa. Cmwlth. No. 899 C.D. 2019);[11] however, this Court ultimately dismissed that appeal because Lerner failed to take the steps necessary to effectuate it.[12]  On June 18, 2019, Lerner filed in the trial court a Petition for Injunctive Stay of Proceedings Pending Exhaustion of Administrative Remedies or, in the alternative, Petition for Injunctive Stay of Proceedings Pending Disposition of Appeal Before the Commonwealth Court (Petition for Stay).[13]

At the June 18, 2019 hearing, the City's counsel informed the trial court that Owner had complied with the Code violation notices, and the City and Owner had agreed to the proposed Final Order.[14]  *See* O.R., June 18, 2019 Notes of

---

[10] The trial court entered the June 7, 2019 order into the docket on June 13, 2019.

[11] Lerner asserts that the trial court did not serve the June 7, 2019 order upon him. Nevertheless, he timely appealed therefrom.

[12] By July 25, 2019 defect correction notice, this Court informed Lerner of corrections necessary to be made within 14 days to effectuate his appeal or the appeal would be dismissed. By September 3, 2019 Order, this Court dismissed the appeal due to Lerner's failure to comply with the July 25, 2019 defect correction notice.  Lerner filed a reconsideration request, which this Court denied.

[13] It is not clear in the record whether Lerner served the Petition for Stay on the City or Owner.  Lerner did not file the Petition for Stay in this Court, or otherwise request that this Court stay the trial court action pending the appeal in this Court.

[14] The Final Order also required Owner to pay fines.  The Final Order declared: "The terms of this [Final] Order shall be binding on [Owner], agents, lessees, heirs, assigns, successors in interest, and all persons acting in or for [Owner's] behalf or occupying the [Property]."  Final Order ¶ 4 (R.R. at 151).

Lerner's claims on appeal that the Final Order was issued *ex parte* are unavailing in light of the fact that he was not a party to the City's Code enforcement action.

Testimony (N.T.) at 3 (R.R. at 147). Owner's counsel presented the Vacant Structure License that the City issued when Lerner vacated the Property,[15] and asserted that Lerner "has no standing." N.T. at 4 (R.R. at 147). Lerner informed the trial court that he had not received the City's Complaint and, thus, he did not know the case's parameters or how it impacted his interests.[16] *See* N.T. at 5 (R.R. at 148).

> The trial court stated:
>
> THE [TRIAL C]OURT: Mr. Lerner, I'm sorry to interrupt you. At this point, the [trial c]ourt does not find that you have any standing to even intervene. This matter is in final[ ]order status. Therefore, we are done. We do not have anything further to discuss.
>
> I appreciate you coming today. We put your information on the record. This matter is now closed. The [trial c]ourt does not find that you have standing to intervene.
>
> [] LERNER: This [P]etition [for Stay] was filed this morning, Your Honor.
>
> THE [TRIAL C]OURT: The [trial c]ourt has not received a copy of it. Again, you do not have a viable interest in the case before us and you do not have any standing. This matter is concluded.

N.T. at 6 (R.R. at 148). The trial court approved the Final Order and entered it into the docket. Despite having been denied intervenor status, on July 16, 2019, Lerner

---

[15] Section 9-3905(1) of the Philadelphia Code of General Ordinances (Philadelphia Code) applicable to the Code, provides: "The owner of any structure that lacks the habitual presence of human beings who have a legal right to be on the premises, or at which substantially all lawful . . . residential occupancy has ceased within the past three (3) months, shall obtain a Vacant Structure License." Phila. Code § 9-3905(1), codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-280339 (last visited Aug. 15, 2022).

[16] Lerner contends in his brief to this Court that he attempted to introduce evidence to the trial court at the June 18, 2019 hearing that Owner had not, in fact, abated the Code violations.

appealed from the Final Order to this Court.[17]   On July 17, 2019, the City filed a praecipe to settle, discontinue, and end the litigation in the trial court.

The trial court ordered Lerner to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b), which he did on August 12, 2019.  On October 17, 2019, the trial court issued its opinion pursuant to Appellate Rule 1925(a) (Appellate Rule 1925(a) Opinion), which consisted of the following:

> [T]he [trial c]ourt finds that the [a]ppeal is without merit because [Lerner] lacks standing before the [trial] court.
>
> On June 18[], 2019, this [trial c]ourt found that [Lerner's] [Intervention Petition] in [this case] is without merit due to lack of standing.  [Lerner] filed an [a]ppeal with the Commonwealth Court.  This [trial c]ourt found that [Lerner] does not have standing as a tenant to bring a cause of action in regards to [Owner].  Furthermore, this [trial c]ourt has found that [Lerner] does not have a vested interest in the [P]roperty.  [The Department] had issued a Vacant [Structure] License.  Both parties, [the City] and [Owner,] concur that [Lerner] does not have standing in the present matter.

---

[17] Lerner repeatedly references in his Reply Brief to this Court that he could appeal from the Final Order because he made a *second* request to the trial court for intervenor status at the June 18, 2019 hearing, which the trial court denied.  However, the hearing transcript does not support his claim, and mere "participat[ion] at the hearing without intervening does not afford [him] standing."  *Soc'y Hill Civic Ass'n v. Pa. Gaming Control Bd.*, 928 A.2d 175, 183 (Pa. 2007).  Moreover, Lerner waived that argument by raising it for the first time in his Reply Brief.  *See* Pennsylvania Rule of Appellate Procedure (Appellate Rule) 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."  Pa.R.A.P. 302(a)); *see also* *Kull v. Guisse*, 81 A.3d 148, 160 (Pa. Cmwlth. 2013) ("Issues not included in a party's [Appellate Rule] 1925(b) Statement are waived and will not be addressed on appeal."); Pa.R.A.P. 2113(a) ("The appellant may file a brief in reply to matters raised by appellee's brief . . . and not previously addressed in appellant's brief."); *Reginelli v. Boggs*, 181 A.3d 293, 307 n.15 (Pa. 2018) ("[A]n appellant is prohibited from raising new issues in a reply brief.").

On November 16, 2021, Lerner filed a petition to amend his brief to correct a case citation.  Neither the City nor Owner opposed the petition to amend.  This Court granted the petition to amend on November 30, 2021.

"Issues of standing are questions of law; thus, the standard of review is de novo and the scope of review is plenary."  *C.G. v. J.H.*, 193 A.3d 891, 898 (Pa. 2018).

> According to [Section 616.1(b) of] the Pennsylvania [Municipalities Planning] Code,[18] ["*t*]*he enforcement notice shall be sent to the owner of record of the parcel on which the violation has occurred, to any person who has filed a written request to receive enforcement notices regarding that parcel, and to any other person requested in writing by the owner of record*.["] 53 P.S. § 10616.1(b). Without being the [P]roperty owner, Lerner has no standing or viable cause of action before the [trial c]ourt.
>
> . . . .
>
> To date, [Lerner] has not established that he is an aggrieved person in this matter or demonstrated that he has a vested interest in the [P]roperty. The [Department] has issued a Vacant [Structure] License and [] Lerner[] is not a [P]roperty owner with respect to [Owner] or an aggrieved party. Therefore, this [trial c]ourt concludes that [] Lerner's perceived cause of action is without merit and [he] lacks standing in [this] matter.

Appellate Rule 1925(a) Op. at 1-2 (R.R. at 166-167) (record citations omitted; italic emphasis in original). Lerner and the City filed their respective briefs in this Court. On May 18, 2020, Owner joined the City's brief.

Appellate Rule 501, which specifies who may appeal from an adverse appealable order, declares: "Except where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order . . . may appeal therefrom." Pa.R.A.P. 501. Thus, "absent statutory standing to appeal, [an appellant **must**] **have party status** in the lower court . . . **and be aggrieved** by an appealable order" to have standing to appeal. 20 West's Pa. Prac., Appellate Practice § 501:1 (2021-22 ed.) (emphasis added).

The Pennsylvania Supreme Court has explained:

> [T]he general rule is that **only parties may appeal [from] a decision**. *See* Pa.R.A.P. 501 (authorizing appeals by

---

[18] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 60 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10616.1(b).

"any *party* who is aggrieved by an appealable order" (emphasis added)); *accord* G. RONALD DARLINGTON, KEVIN J. MCKEON, DANIEL R. SCHUCKERS & KRISTEN BROWN, PENNSYLVANIA APPELLATE PRACTICE 2D § 501:5 (2d ed. 1998 & Supp. Nov. 2004) ("[Appellate] Rule 501 specifically requires an appellant to have party status . . . in order to appeal." ([F]ootnote omitted)).

*In re Barnes Found.*, 871 A.2d 792, 794 (Pa. 2005) (bold emphasis added). Although the Appellate Rules do not define the term *party*, the note following Appellate Rule 102 states that Appellate Rule definitions are "[b]ased on [Section 102 of the Judicial Code,] 42 Pa.C.S. § 102 (definitions)." Pa.R.A.P. 102 (Note). Section 102 of the Judicial Code defines a "party" as "[a] person who commences or against whom relief is sought in a matter." 42 Pa.C.S. § 102.

However,

[a]n individual not named in a proceeding may become a party, with all the rights and liabilities of a party, by filing a petition to intervene and obtaining leave of court to intervene. [Rule] 2328(a) provides that a person seeking to intervene must file an "[a]pplication for leave to intervene by a petition in the form of and verified in the manner of a plaintiff[']s initial pleading in a civil action, setting forth the ground on which intervention is sought."[19] Pa.R.C[iv].P. [] 2328(a). [Rule] 2327 denotes

---

[19] Lerner asserts in his brief to this Court that the trial court erred by failing to conduct a hearing on his Intervention Petition. Such argument goes to whether the trial court erroneously denied the Intervention Petition. Because Lerner failed to effectuate his appeal from the trial court's order denying the Intervention Petition, that matter is moot. Notwithstanding,

[g]enerally, the trial court conducts a hearing on a petition to intervene to allow the petitioner an opportunity to establish that the requirements for intervention have been met. P[a].R.C[iv].P. [] 2329 ([T]he trial court rules on [an] intervention petition "[u]pon the filing of the petition and *after hearing*[.]") (emphasis added)[; *s*]*ee also Hayes v. Sch*[.] *Dist*[.] *of Pittsburgh*, . . . 381 A.2d 193 ([Pa. Cmwlth.] 1977). A hearing may not be required, however, where[, as here,] it is apparent from the face of the petition that the requirements for intervention have not been met. *SBA Towers IX,*

four categories of persons who may intervene[.] . . . [*See*] Pa.R.C[iv].P. [] 2327[].

*In re Tax Sale Held Sept. 10, 2003 by Tax Claim Bureau of Cnty. of Lackawanna*, 859 A.2d 15, 18 (Pa. Cmwlth. 2004). Specifically, Rule 2327 provides, in relevant part:[20]

> At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if
>
> . . . .
>
> (3) such person could have joined as an original party in the action or could have been joined therein; or
>
> (4) the determination of such action may affect any legally enforceable interest of such person whether or not such person may be bound by a judgment in the action.

Pa.R.Civ.P. 2327.

"[A] party that falls within any of the categories set forth in [Rule] 2327 may be refused intervention should the trial court determine that one of the circumstances set forth at [Rule] 2329 is present." *Twp. of Radnor v. Radnor Recreational, LLC*, 859 A.2d 1, 5 (Pa. Cmwlth. 2004). Under Rule 2329,

> an application for intervention may be refused, if
>
> (1) the claim or defense of the petitioner is not in subordination to and in recognition of the propriety of the action; or

---

> *LLC v. Unity T*[*wp.*] *Zoning Hearing B*[*d.*], 179 A.3d 652, 664 (Pa. Cmwlth. 2018) (hearing not necessary where the record was sufficient to decide the petition to intervene)[.]

*Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, 324 (Pa. Cmwlth. 2021). Here, the trial court could reasonably determine on the face of the Intervention Petition, and the myriad of documents Lerner attached and incorporated by reference, that he did not meet the requirements to intervene in the City's Code enforcement action.

[20] The first two of Rule 2327's four categories do not apply in this instance.

10

(2) the interest of the petitioner is already adequately represented; or

(3) the petitioner has unduly delayed in making application for intervention or the intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties.

Pa.R.Civ.P. 2329.

Ultimately, "the grant or denial of intervention is a matter committed to the trial court's discretion and will not be set aside on appeal unless there has been an abuse of such discretion."[21] *Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 260 A.3d 316, 325 (Pa. Cmwlth. 2021). "A grant of intervention entitles the litigant to the rights and liabilities of a party. Pa.R.C[iv].P. [] 2330." *Tax Sale*, 859 A.2d at 18. Conversely, a person who is "unsuccessful in his effort to intervene in [trial] court proceedings[ ] ha[s] no greater rights than would be available to any other non-party." *Barnes Found.*, 871 A.2d at 794.

Therefore,

a common pleas court's order denying intervention . . . must be appealed within thirty days of its entry under [Appellate Rule] 903, [Pa.R.A.P. 903,] or not at all, precisely because the **failure to attain intervenor status forecloses a later appeal**. *See In re Rowan*, 763 A.2d 958 . . . (Pa. Cmwlth. 2000) (quashing an appeal on the merits from a final order lodged by a company that had sought but failed to obtain intervenor status); *accord* . . . PENNSYLVANIA APPELLATE PRACTICE 2D § 501:7 [(2d ed.

---

[21] "[A]n abuse of discretion exists if the trial court renders a judgment that is [plainly] unreasonable, arbitrary or capricious, fails to apply the law, or was motivated by partiality, prejudice, bias or ill will." [*Ambrogi v. Reber*, 932 A.2d 969, 974 (Pa. Super. 2007).] "If the record supports the trial court's reasons and factual basis, the court did not abuse its discretion." *Id*. In addition, the facts are to be viewed in a light most favorable to the winner at the trial court level. *Commonwealth ex rel. Corbett v. Snyder*, 977 A.2d 28, 41 (Pa. Cmwlth. 2009).

11

> 1998 & Suppl. Nov. 2004)] ("The failure to attain intervenor status obviates the ability to file an appeal.").

*Barnes Found.*, 871 A.2d at 794 (emphasis added). Thus, an appeal by a nonparty who has not successfully attained intervenor status must be quashed. *See Barnes Found.*; *Tax Sale*.

Here, since Lerner was not a named party in the City's Code enforcement action,[22] and the trial court denied his Intervention Petition, he failed to satisfy the *party* requirement of Appellate Rule 501.[23] Because Appellate Rule 501 requires that Lerner be both a party *and* aggrieved to have standing to appeal from the Final Order, *see* Pa.R.A.P. 502; *see also* 20 West's Pa. Prac., Appellate Practice § 501:1 (2021-22 ed.), and he could not satisfy the party requirement, this Court need not further review whether the trial court erred by holding that he was not aggrieved. Accordingly, Lerner's appeal must be quashed.

Notwithstanding, Lerner argues that the trial court was prohibited from entering the Final Order or allowing the case to be settled or discontinued while his appeal from the trial court's order denying his Intervention Petition was pending before this Court, and that this Court erred by disregarding his Petition for Stay.

---

[22] Lerner did not cite to, nor has this Court discovered, any statute or ordinance that expressly grants him party status in the City's Code enforcement action. Lerner argues in his brief to this Court that he could have been a party thereto because Section 9-3901(4)(f) of the Philadelphia Code, Phila. Code § 9-3901(4)(f), authorized him to file a private cause of action against Owner for failing to provide him with a valid Certificate of Rental Suitability when his most recent lease commenced. However, that Philadelphia Code provision does not expressly afford Lerner a statutory right to be a party to a City Code enforcement action. *See* codelibrary.amlegal.com/codes/philadelphia/latest/philadelphia_pa/0-0-0-280265 (last visited Aug. 15, 2022).

[23] Similarly, courts shall quash an appeal by a party that "no longer has an interest in the subject matter of the litigation." 20 West's Pa. Prac., Appellate Practice § 501:5 (2021-22 ed.); *see also Insilco Corp. v. Rayburn*, 543 A.2d 120 (Pa. Super. 1988). Thus, even if Lerner could establish that he was a party to the City's Code enforcement action, because he had voluntarily vacated the Property and Owner abated the violations, he no longer had a valid interest therein.

12

This Court acknowledges that Lerner's June 17, 2019 appeal from the Intervention Petition was still pending before this Court (i.e., had not yet been dismissed) when the trial court issued its June 18, 2019 Final Order and the parties discontinued the litigation on July 17, 2019.

Indeed, Appellate Rule 1701(a) provides: "Except as otherwise prescribed by these rules, after an appeal is taken . . . , the trial court . . . may no longer proceed further in the matter."[24]  Pa.R.A.P. 1701(a).  However, Appellate Rule 1701(b)(6) states, in relevant part, that after an appeal is taken, the trial court may "[p]roceed further in any matter in which a non-appealable interlocutory order has been entered, notwithstanding the filing of a notice of appeal . . . ."  Pa.R.A.P. 1701(b)(6).  Thus, this Court must determine whether the trial court's order denying Lerner's Intervention Petition was a non-appealable interlocutory order.

Appellate Rule 341(a) specifies that appeals may only be taken from final orders, which dispose of all parties or claims, unless otherwise permitted by statute or certified by a trial court or reviewing body.  *See* Pa.R.A.P. 341(a); *see also Rae v. Pa. Funeral Dirs. Ass'n*, 977 A.2d 1121 (Pa. 2009).  An order denying an individual the right to intervene is generally not a final order under Appellate Rule 341.  *See Fayette Cnty. Off. of Planning, Zoning & Cmty. Dev. v. Fayette Cnty. Zoning Hearing Bd.*, 981 A.2d 336 (Pa. Cmwlth. 2009).  However, the Pennsylvania

---

[24] "Where the trial court proceeds notwithstanding the appeal, the appellant has the option to seek relief by filing in the appellate court an application for a stay of proceeding pursuant to Pa.R.A.P. 1732[.]"  Section 1701:39 Authority to proceed after appeal from non-appealable interlocutory order, 20A West's Pa. Prac., Appellate Practice § 1701:39 (2021-22 ed.) (*see* Pa.R.A.P. 1701(b)(6)).

Appellate Rule 1732(b) authorized Lerner to file the Petition for Stay after first seeking a stay from the trial court.  *See* Pa.R.A.P. 1732(b).  Pursuant to Rule 1732(a), Lerner first sought a stay from the trial court.  *See* Pa.R.A.P. 1732(a).  Lerner filed the Petition for Stay on the morning of the trial court's June 18, 2019 hearing.  Although the trial court had not received it before the hearing commenced (and there is no evidence that it was served on the City or Owner), when Lerner raised the issue at the hearing, the trial court ruled that Lerner lacked standing for a stay. Lerner did not thereafter file the Petition for Stay in this Court.  Consequently, no stay was in effect when the parties discontinued the City's Code enforcement action.

Supreme Court has explained, pursuant to the Official Note to Appellate Rule 341, that an order denying intervention

> may be immediately appealable as a collateral order under [Appellate] Rule 313 if it meets the criteria set forth in that rule. Otherwise known as the collateral order doctrine, [Appellate] Rule 313(b) provides that an interlocutory order is collateral and, therefore, immediately appealable, if it is: "[1] separable from and collateral to the main cause of action where [2] the right involved is too important to be denied review and [3] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b); *see also Commonwealth v. Wright*, . . . 78 A.3d 1070, 1077 ([Pa.] 2013).

*K.C. v. L.A.*, 128 A.3d 774, 777 (Pa. 2015). "[T]he requirements to be satisfied to bring an appeal under the collateral order doctrine are stringent and must be narrowly construed." *Fayette Cnty.*, 981 A.2d at 341 (quoting *Larock v. Sugar Loaf Twp. Zoning Hearing Bd.*, 740 A.2d 308, 312 (Pa. Cmwlth. 1999)).

> With respect to the first prong of the collateral order doctrine, an order is separable from the main cause of action "if it can be resolved without an analysis of the merits of the underlying dispute." *Commonwealth v. Williams*, . . . 86 A.3d 771, 781 ([Pa.] 2014). Stated differently, an order is separable if it is "entirely distinct" from the underlying issue in the case. *Id*. at 782. Although we tolerate a degree of interrelatedness "between merits issues and the question sought to be raised in the interlocutory appeal," the claim must nevertheless be "conceptually distinct from the merits of plaintiff's claim." *Pridgen v. Parker Hannifin Corp.*, . . . 905 A.2d 422, 433 ([Pa.] 2006) (quoting *Johnson v. Jones*, 515 U.S. 304, 314 . . . (1995)).
>
> As to the second prong, for purposes of [Appellate] Rule 313(b), a right is important if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Williams*, 86 A.3d at 782. Additionally, "the order [must] involve [] rights deeply rooted in public policy

going beyond the particular litigation at hand," and "[i]t is not sufficient that the issue is important to the particular parties involved." *Id.*

*Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015). "Because the finality of the order is a judicial conclusion that can only be reached after examining the ramifications of the order, we must address the merits of [Lerner's claims] to determine whether the order denying his petition to intervene [was an appealable collateral order]." *Richards v. Trimbur*, 543 A.2d 116, 118 (Pa. Super. 1988).

Here, Lerner does not argue and it is not clear from the record that his interests in intervening in the City's Code enforcement action were entirely distinct from the City's interests but, rather, his claims stemmed from the same Owner violations at the Property. Nor does Lerner make clear how his alleged personal damage claims are deeply rooted in public policy so as to go beyond the City's Code enforcement action. While tenant protection and proper landlord property management trigger public policy concerns, and this Court does not condone landlord's disregarding its statutory obligations, the Philadelphia Code and the Commission are in place to help make tenants whole, and Lerner availed himself of such redress. Accordingly, Lerner's claims would not satisfy the first and second prongs of the collateral order doctrine in the instant matter.[25]

Because the trial court's order denying Lerner's Intervention Petition does not meet the requirements of Appellate Rule 313, it was not an appealable collateral order. *See Blystone*. Lerner's argument to the contrary is without merit. Under the circumstances, trial court action on the City's Code enforcement case was

---

[25] Although Lerner's claims would satisfy the third prong of the collateral order doctrine under *Barnes Foundation*, all three requirements must be met for the trial court's order denying the Intervention Petition to be a nonappealable collateral order. *See K.C.*; *Fayette Cnty*.

15

not automatically stayed pending Lerner's appeal to this Court.[26]  *See* Pa.R.A.P. 1701(b)(6).

Based on the foregoing, Lerner's appeal is quashed.

_____
ANNE E. COVEY, Judge

---

[26] "Whether a plaintiff may discontinue the underlying action in the trial court while an appeal is pending from an interlocutory order is unsettled."  Section 1701:3 General rule - Filing of appeal precludes trial court or other government unit from proceeding further, 20A West's Pa. Prac., Appellate Practice § 1701:3 (2021-22 ed.) (*see* Pa.R.A.P. 1701(a)); *see Richards* "(where trial court denied petition for intervention and appeal from that order was filed, [Appellate] Rule 1701(a) did not preclude the discontinuance of the underlying action in the trial court); *contra Est. of Paterno v. Nat'l Collegiate Athletic Ass'n*, 168 A.3d 187, 202-03 (Pa. Super. 2017) (pending appeal of limited issue 'deprives the trial court of any authority to accept or grant a discontinuance of an action until receipt of proper notice that **all** appeals . . . have been discontinued' (emphasis in original))." *Id*. n.4.

Notably, here, as in *Richards*, the only activity that occurred after June 18, 2019 (other than this appeal currently before this Court) was the parties' filing to discontinue the City's Code enforcement action that did not require the trial court's approval and, thus, did not require the trial court to "proceed further in the matter." Pa.R.A.P. 1701(a).

City of Philadelphia                :

:

          v.             :

:

Kalidave, LLC                :

:    No. 1079 C.D. 2019

Appeal of: Nathan Lerner    :

## O R D E R

AND NOW, this 16th day of August, 2022, Nathan Lerner's appeal from the Philadelphia County Common Pleas Court's June 18, 2019 Final Order by Agreement and Permanent Injunction is quashed.

 

 

_____

ANNE E. COVEY, Judge