J-S18004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF: ROBERT O. GARVIN, II | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: BRUCE L. SICKLER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1346 WDA 2024 |

Appeal from the Order Entered October 1, 2024
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s): 022303693

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: AUGUST 28, 2025**

Appellant Bruce L. Sickler appeals from the October 1, 2024 order entered in the Orphans' Court Division of the Allegheny County Court of Common Pleas denying Appellant's petition to establish title to real property held by an estate.  After careful consideration, we affirm the order.

The dispute in this case involves real property located at 4327 Haldane Street in Pittsburgh ("the Property").   In 2000, Robert O. Garvin, II ("Decedent") obtained title to the Property pursuant to a deed dated August 22, 2000.  At that time, Decedent was married to his first wife, Kristi Garvin ("Ex-Wife").  They resided at the Property until approximately 2005.

In the summer of 2007, Appellant moved into the Property and began paying the mortgage, which was in foreclosure.  Appellant asserts that, on

_____

[*] Former Justice specially assigned to the Superior Court.

June 5, 2009, Decedent signed a handwritten, notarized document ("Document"), in which Decedent purportedly "'gave' his 'old house' located at 4327 Haldane Street to [Appellant], with the caveat that [Appellant] was to pay the existing mortgage on the residence until he was able to obtain a mortgage in his own name."[1] Trial Ct. Op., 12/6/24, at 1. Ex-Wife testified that Decedent never mentioned the Document to her.

From the summer of 2007 to June 2024, Appellant paid the monthly mortgage payments, the utilities, and other costs related to the Property. Appellant, however, never obtained a mortgage in his name as required by the Document. Thus, the mortgage and the deed remained in Decedent's name, and Appellant does not aver that Decedent executed a deed transferring the Property to him.

_____

[1] The copy of the Document in the record is illegible. The parties' transcriptions differ slightly but are consistent in relevant part with the trial court's summary above. Appellant asserts that the Document states:

> I, Robert Garvin, give to Bruce Sickler my old house on Haldane Street, 4327. He is to pay the mortgage on the house until he can get the mortgage in his own name, Bruce Sickler.

Appellant's Br. at 8 (citation omitted). Appellee, however, transcribes it as follows:

> I Robert Garvin Gave house to Bruce Sickler. My old house on Haldane 4327 he is to Pay mortgag (sic) on house until (sic) he can get the morgag (sic) in his name.

Appellee's Br. at 3 ("(sic)" in original).

In the interim, Decedent and Ex-Wife divorced in May 2010, and neither sought equitable distribution of their property, including the Property at issue. In June 2010, Decedent married Marcella Garvin ("Administratrix"), who became administratrix of Decedent's estate ("Estate") following his death in August 2017. As Decedent died intestate, the Estate contends that title to the Property passed to the Estate.

On May 24, 2024, Appellant filed a petition to establish title to the Property, relying upon the Document. In the petition, Appellant acknowledged that Decedent owned the Property at the time of his death and also asserted Appellant's intention to pay off the outstanding mortgage on the Property and a lien for the unpaid water bill. Petition, 5/24/24, at ¶¶ 5, 8.

The court held a hearing on July 10, 2024, at which Appellant, Ex-Wife, and Administratrix testified. On October 2, 2024, following additional briefing, the trial court entered an order denying Appellant's petition finding that "Decedent retained sole interest in the [Property] at the time of his death, with the caveat that the Decedent's first wife, Kristi Gavin, may have a marital interest in the increase in value of the [P]roperty during the parties' marriage[.]" Order, 10/2/24. The court additionally ordered Appellant to continue to pay the mortgage and utilities until he vacated the Property prior to November 30, 2024.

On October 30, 2024, Appellant filed a notice of appeal. The trial court and Appellant complied with Pa.R.A.P. 1925.

Appellant raises the following questions on appeal:

1. Whether the [t]rial [c]ourt erred in finding that an *inter vivos* gift of the [P]roperty by the Decedent to [Appellant] was not made, where a donative intent was established and the title to the property, although not memorialized by a deed, was constructively transferred to [Appellant] by both the words of the notarized document presented at [t]rial as well as [Appellant's] assumption of all responsibility for the maintenance, upkeep, renovation, and payment of all encumbrances relative to the said property over a period of many years.

2. Whether the [t]rial [c]ourt erred in failing to specifically determine that [Ex-Wife] no longer had any interest in the [Property] by operation of law, specifically, that any claim to such property on her part was relinquished upon the entry of the Divorce Decree issued on May 13, 2010 by the Court of Common Pleas of Allegheny County, Family Division.

Appellant's Br. at 6 (reordered).

"When reviewing a decree entered by the [o]rphans' [c]ourt, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence." **In re Fiedler**, 132 A.3d 1010, 1018 (Pa. Super. 2016) (citation omitted). "Because the [o]rphans' [c]ourt sits as the fact-finder, it determines the credibility of the witnesses[,] and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. **In re Padezanin**, 937 A.2d 475, 479 (Pa. Super. 2007) (citation omitted). Regarding questions of law, however, our standard of review "is *de novo*, and the scope of review is plenary[.]" **In re Fiedler**, 132 A.3d at 1018.

"[A] claim against a decedent's estate can be established and proved only by evidence which is clear, direct, precise and convincing." **Estate of**

- 4 -

*Allen*, 412 A.2d 833, 836 (Pa. 1980) (citation omitted). Thus, "the burden of proof lies upon the claimant." *Id.*

To establish a claim to real property by way of an *inter vivos* gift, a proponent must prove: "(1) a donative intent upon the part of the grantor, *i.e.*, an intent to make a gift to the grantee then and there, when the deed was executed; (2) a delivery of the deed to the grantee, either actual or constructive, which divested the donor of all dominion over the property and invested the donee therewith." *Fiore v. Fiore*, 174 A.2d 858, 859 (Pa. 1961). The law does not require direct delivery of the deed to the grantee for the gift to be effective; rather, "it can be placed in the possession of a third party for delivery to the grantee upon the happening of a specified contingency." *In re Padezanin*, 937 A.2d at 480 (citation omitted).

Appellant's first question asserts a claim to the Property based upon an *inter vivos* gift of the Property in the Document. Appellant's Br. at 6. Appellant's argument, however, contends that the trial court erred in analyzing the Document as a failed *inter vivos* gift rather than an "agreement of sale." Appellant's Br. at 14-18. While Appellant presented this argument in his briefing to the trial court, he did not include it in his Pa.R.A.P. 1925(b) statement of issues to be raised on appeal. As a result, this Court does not have the benefit of the trial court's analysis of this issue. Additionally, Appellant did not include the issue in the statement of questions set forth in his brief to this Court. Accordingly, we conclude that he waived this argument. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [Rule 1925(b)]

Statement . . . are waived"); Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").[2]

Addressing the question presented, we agree with the trial court that Decedent did not effectuate an *inter vivos* gift of the Property to Appellant because "there was not only no delivery of a deed, but there was also never a deed drafted between the parties." Trial Ct. Op. at 3. Instead, the court found that Appellant, "in effect, paid rent on the property via paying the mortgage and utilities on the property for several years." *Id.* at 4. As aptly explained by the trial court, "[t]his case presents the classic problem that arises when two persons who are not knowledgeable in the law enter into a contract to transfer real property without consulting counsel to ensure that the purported transfer is done properly." *Id.* at 3. The court noted that while the notarization of the Document validated the parties' signatures it did "not effectuate a transfer of the property." *Id.* Accordingly, we affirm the court's denial of relief to Appellant as he did not present the required "clear, direct, precise and convincing" evidence to establish his interest in the Property. *Estate of Allen*, 412 A.2d at 836.

In his second issue, Appellant asserts that the trial court erred in finding that Ex-Wife had any interest in the Property because she did not seek

---

[2] Moreover, even if we were to address this argument, we would conclude that Appellant's claim fails for, *inter alia,* the simple reason that he did not satisfy his side of the alleged sales agreement: he did not obtain a mortgage in his name.

equitable distribution of the Property during the divorce proceedings and has not sought to reopen those proceedings. Appellant's Br. at 11-13 (citing *Kadel v. McMonigle*, 624 A.2d 1059 (Pa. Super. 1993) and 23 Pa.C.S. § 3504 (addressing distribution of property after termination of marriage)). Appellant claims that Ex-Wife's interest in the Property "terminated by operation of law" upon entry of the divorce decree such that "she is estopped from bringing any collateral claim of an interest in the property." *Id.* at 12-13.

We reject Appellant's argument. We need not decide whether Ex-Wife had an interest in the Property following the divorce as it is *dicta* in the trial court's decision. While the Estate called Ex-Wife as a witness, she is not a party to this litigation, nor is there any indication that she asserted an interest in the Property. As set forth above, Appellant's claim fails not because of any current interest of Ex-Wife in the Property but because he failed to demonstrate his own interest in the property through the Document.

Accordingly, we conclude that the trial court did not err or abuse its discretion in denying Appellant's petition to establish title to the Property.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/28/2025

- 7 -